788 P.2d 1174

ANDREW S. ARENA, INC.; Gary L. Beck; Bosque Creek Joint Venture; Canatsey Building & Development Co., Inc.; Canyon Ranch Developments, Inc.; Carreon Development & Construction, Inc.; Caylor Construction Co.; Caylor Land & Development, Inc.; Chastain Builders, Inc.; Chesin Construction Co.; Cienega, Ltd.; Colonia De Los Alamos Joint Venture; Cottonwood Properties, Inc.; Decker Construction Company, Inc.; Duval Commercial Investors Limited Partnership; Edgebrooke Village Joint Venture; Emerald Homes, Inc. dba Ditz–Crane Associates; Estes Homes, Tucson Division; The Estes Company; 3455 South Palo Verde, a joint venture; Fairfield Green Valley, Inc.; Fair–Field La Cholla Hills; Fairfield Properties, Inc.; Fairfield Sunrise Village, Inc.; Green Valley RV Park Investors; Herder Construction Co.; Ted Kinart; L.G. Lefler, Inc.; La Quinta Homes, an Arizona partnership; Loma Linda Construction Co.; Los Altos Office Park Joint Venture; Pantano Business Park Association; Plaza Bel Air Limited Partnership; Ponderosa Pools, Inc.; Pulte Home Corporation, Tucson Division; R.A. Construction, Inc.; Tobin Homes; U.S. Home Corporation; Wood Bros. Homes, Inc.; Andrew Wright Enterprises; individually, and as class representatives of all others similarly situated, Petitioners,

v.

SUPERIOR COURT of the state of Arizona, In and For the COUNTY OF MARICOPA, The Honorable Joseph D. Howe, a judge thereof, Respondent Judge,

PIMA COUNTY, The Pima County Board of Supervisors, including individual board members in their elected capacities only—Dan Eckstrom, Greg Lunn, Ed Moore, Reg Morrison, Raul Grijalva; The Treasurer of Pima County, James Lee Kirk; The Finance Director of Pima County, Andrew Migala; The Director of the Pima County Planning and Development Department, Robert Johnson and The Planning and Development Department of Pima County, as successors to the Building Codes Department, Real Parties in Interest.

No. CV–89–0134–PR.

Supreme Court of Arizona, En Banc.

Feb. 20, 1990.

**424**

Snell & Wilmer by David A. Paige and Bilby & Shoenhair by William N. Poorten, III, Tucson, for petitioners.

Stephen D. Neely, Pima County Atty. by Frank J. Cassidy, Deputy County Atty., and Charles R. Pyle, Former Deputy County Atty., Tucson, for real parties in interest.

## OPINION

MOELLER, Justice.

### JURISDICTION

This class action against Pima County seeks both monetary and injunctive relief. The trial court dismissed the monetary portion of the class action, holding that it was barred by A.R.S. § 12–821, the statute governing claims against public entities. Plaintiffs (petitioners here) unsuccessfully sought special action relief in the court of appeals. We granted review because we conclude that relief by appeal is inadequate under the circumstances of this case, *see Boone v. Superior Court*, 145 Ariz. 235, 700 P.2d 1335 (1985), and because the issue presented is one of general and statewide importance, *see Summerfield v. Superior Court*, 144 Ariz. 467, 698 P.2d 712 (1985). We have jurisdiction pursuant to Ariz. Const. art. 6, § 5(3), and A.R.S. § 12–120.24.

### ISSUE PRESENTED

Whether the "claims statute," A.R.S. § 12–821, precludes class actions against public entities.

### FACTS

For purposes of the single issue presented, the facts are not in dispute and are as follows.

From July 1, 1983, to June 30, 1985, plaintiffs and others paid fees for building permits issued by the Pima County Building Codes Department. Believing the building permit fees to be excessive, the petitioner, Andrew S. Arena, Inc. ("Arena") on December 31, 1984, served Pima County with a claim pursuant to A.R.S. § 11–622 (the "county" claim statute) and A.R.S. § 12–821 (the "public entity" claim statute as amended effective August 3, 1984). The claim demanded injunctive and monetary relief for Arena and all others who had paid fees for building permits from July 1, 1983, to June 30, 1984. The county did not pay the claim. Plaintiffs filed suit in April of 1985, naming numerous fee payers as plaintiffs. The suit purported to be on behalf of all named plaintiffs as well as others who paid fees during the 1983–84 fiscal year. Later, plaintiffs amended their complaint to add a class claim for those who paid fees during the 1984–85 fiscal year. On motion of the plaintiffs, the trial court initially certified the class as including all those who paid permit fees between July 1, 1983, and June 30, 1985.

Pima County then filed a motion to dismiss the portion of the class claim that sought relief for permits purchased on and after August 3, 1984 (the date amended A.R.S. § 12–821 became effective with respect to counties). The trial court granted Pima County's motion as to monetary relief, holding:

Under *Evans v. Arizona Department of Corrections,* 139 Ariz. 321, 678 P.2d 306 [506] (1984), A.R.S. 12–821 simply precludes a class action for other than injunctive relief.

Plaintiffs sought review of the trial court's decision by special action in the court of appeals. That court declined jurisdiction and we granted review.

## DISCUSSION

Since *Stone v. Arizona Highway Commission,* 93 Ariz. 384, 392, 381 P.2d 107, 112 (1963), "the rule is liability and [sovereign] immunity is the exception." In *Ryan v. State,* 134 Ariz. 308, 310, 656 P.2d 597, 599 (1982), we suggested the propriety of legislative involvement in the handling of claims against governmental entities. The legislature has enacted various provisions governing claims against public entities. *See generally* A.R.S. § 12–820 *et seq.* The statute at issue here, 12–821, as amended effective August 3, 1984, provides in part:

A. Persons who have claims against a public entity or public employee shall file such claims in the same manner as that prescribed in the Arizona Rules of Civil Procedure, Rule 4(D) within twelve months after the cause of action accrues.

A.R.S. § 12–821.

In *State v. Brooks,* 23 Ariz.App. 463, 534 P.2d 271 (App.1975), the court of appeals set forth three recognized purposes of an earlier version of § 12–821:

(1) to afford the agency the opportunity to investigate the claim and assess its liability;

(2) to afford the agency the opportunity to attain a settlement and avoid costly litigation; and

(3) to advise the legislature where settlement could not be achieved.

*Id.* at 466, 534 P.2d at 274; *see also Creasy v. Coxon,* 156 Ariz. 145, 148, 750 P.2d 903, 906 (App.1987); *Mammo v. State,* 138 Ariz. 528, 531, 675 P.2d 1347, 1350 (App.1983).

The only case in Arizona to address § 12–821 in the context of class claims is *Evans v. Arizona Department of Corrections,* 139 Ariz. 321, 678 P.2d 506 (App. 1983).[1] In *Evans,* the two-judge majority stated that "all three purposes [of the statute as set out in *Brooks* ] are thwarted in varying degrees where a class claim is brought against the state." *Id.* at 323, 678 P.2d at 508. In a comprehensive dissent, Judge Grant disagreed. *Id.* at 324–27, 678 P.2d at 509–12 (Grant, J., dissenting). We agree with Judge Grant.

■ Class actions were developed to provide a convenient method of litigating claims involving large numbers of people. In appropriate cases, class actions provide benefits to both claiming and defending parties and serve as a practical tool for resolving multiple claims on a consistent basis at the least cost and with the least disruption to an overloaded judicial system. We find nothing in the language of A.R.S. § 12–821 to suggest that the legislature intended to exempt public entities from either the burdens or the benefits of class actions in appropriate cases.

■ In this case, the class allegedly consists of persons who paid building permit fees to the Pima County Building Code Department from July 1, 1983 to June 30, 1985. Although the number of potential class members is large, their identities and locations are discoverable from the county's own records. The claim provides Pima County with the information necessary to investigate the merits of the claims and

---

1. *Evans* was a suit against the state. At the time of the *Evans* litigation, A.R.S. § 12–821 provided:

§ 12–821.
Persons having claims on contract or for negligence against the state, which have been disallowed, may on the terms and conditions set forth in this article, bring action thereon against the state and prosecute the action to final judgment.

assess its liability, fulfilling the first *Brooks* criterion.

In addition, each member of this class has a common interest in the facts and all seek refunds of permit fees to the extent the county's fee revenues exceed its applicable expenses. Thus, the class claim avoids multiple actions by individual builders and homeowners and also assures consistent results. These considerations, in turn, promote settlements and avoid costly litigation, serving the second purpose set forth in *Brooks*.

Finally, the request by the class for a refund of fees advises Pima County of the parameters of its potential liability. In turn, the board of supervisors has the opportunity to take corrective measures in the event the class claim succeeds and is not otherwise allocated for, satisfying the third *Brooks* purpose.

We agree with the California courts, which hold that the claims statutes were not intended to thwart class relief. *See, e.g., City of San Jose v. Superior Court,* 12 Cal.3d 447, 115 Cal.Rptr. 797, 525 P.2d 701 (1974) (rejecting the suggested necessity of filing an individual claim for each member of the purported class); *Santa Barbara Optical Co. v. State Board of Equalization,* 47 Cal.App.3d 244, 120 Cal. Rptr. 609 (1975).

Furthermore, nothing in § 12–821 intimates that class claims are impermissible. We will not read the absence of express authorization as a preclusion against class claims. *See Arnold v. Department of Health Services,* 160 Ariz. 593, 606–607, 775 P.2d 521, 534–35 (1989) (special action/class action proper in trial court where rules do not indicate such litigation is impermissible). The legislative intent behind § 12–821 is clearly proclaimed in the following statement:

> [I]t is hereby declared to be the public policy of this state that public entities are liable for acts and omissions of employees in accordance with the statutes and common law of this state. All of the provisions of the act should be construed with a view to carry out the above legislative purpose.

Laws 1984, ch. 285, § 1. We find that class claims further the public policy as set forth in the statement of legislative intent.

## DISPOSITION

We hold that A.R.S. § 12–821 does not bar class actions against public entities. Therefore, a claim against a public entity may be presented as a class claim. If the claim is denied, the court may thereafter entertain a class action on the claim provided that the case is appropriate as a class action under the applicable principles of law. *See generally* Rule 23, Ariz.R.Civ.P., 16 A.R.S. To the extent the majority opinion in *Evans* is inconsistent with this opinion, it is disapproved. We reverse the dismissal of the monetary portion of the class claim and remand for further proceedings consistent with this opinion.

We note that petitioners have requested attorneys' fees, but such request was unaccompanied by reference to any statutory, contractual or decisional basis for such fees. Because we remand for further proceedings as a potential class action, the trial court may consider attorneys' fees in this proceeding when it determines the case on its merits.

GORDON, C.J., CAMERON and CORCORAN, JJ., and FIDEL, Judge, Court of Appeals, concur.

FELDMAN, V.C.J., recused himself in this matter. Pursuant to Ariz. Const. art. 6, § 3, FIDEL, Judge, Court of Appeals, Division One, was assigned to sit in his stead.