6 P.3d 306

ARIZONA DEPARTMENT OF REVE-
NUE and its Director, in his offi-
cial capacity, Petitioner,

v.

The Honorable Bernard J. DOUGHERTY,
Judge of the Superior Court of the State
of Arizona, In and For the COUNTY OF
MARICOPA, Respondent Judge,

Estate of Helen H. Ladewig, on behalf of
itself and the class of all persons in the
State of Arizona who, during any one of
the years 1986 to 1989 paid income taxes
to the State of Arizona on dividends paid
by corporations whose principal busi-
ness was not attributable to Arizona,
Real Parties in Interest.

No. 1 CA–SA 99–0084.

Court of Appeals of Arizona,
Division 1, Department C.

May 18, 2000.

Review Granted January 9, 2001.

Janet A. Napolitano, Attorney General By
Patrick Irvine, Christine Cassetta, Assistant
Attorneys General, Phoenix, for Petitioner.

Bonn, Luscher, Padden & Wilkins, Char-
tered By Paul V. Bonn, John H. Cassidy,
Randall D. Wilkins, D. Michael Hall, Phoe-
nix, Co–Counsel for Real Parties in Interest.

O'Neil, Cannon & Hollman, S.C. By Eu-
gene O. Duffy, Milwaukee, Co–Counsel for
Real Parties in Interest.

## OPINION

WEISBERG, Judge.

¶ 1 The Arizona Department of Revenue
(DOR) seeks special action review of the tax

court's ruling certifying a class action and ordering DOR to bear the cost of notifying potential class members. We accepted jurisdiction with an opinion to follow. This is that opinion.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2 From 1986 to 1990, Arizona allowed a deduction from income for dividends received from corporations doing more than half of their business in Arizona. *See* Arizona Revised Statutes Annotated (A.R.S.) § 43–1128 (1998).[1] Helen Ladewig, later superseded by her estate, filed a "representative" administrative refund claim with DOR in 1991 challenging as unconstitutional the denial of similar deductions for dividends received from corporations not doing more than half of their business in Arizona during tax years 1986 to 1989. She also filed a class action lawsuit asserting the same challenge.

¶3 In 1994, the tax court dismissed the lawsuit without prejudice for lack of jurisdiction because Ladewig had failed to exhaust her administrative remedies. Ladewig then pursued those remedies on behalf of herself and the class. After DOR denied relief, she refiled her complaint in 1997 and sought class certification, which DOR opposed.

¶4 The tax court granted certification after finding that (1) the lack of express authorization for class actions in the tax statutes did not mean that tax court class actions were forbidden, citing *Andrew S. Arena, Inc. v. Superior Court*, 163 Ariz. 423, 788 P.2d 1174 (1990); (2) the statute of limitations on claims of other potential class members had been tolled because Ladewig had exhausted her administrative remedies and timely filed the class action suit; and (3) the requirements of Rule 23 of the Arizona Rules of Civil Procedure were met. The court ordered DOR to bear the costs of preparing and sending notice to the potential class members.

¶5 After the tax court's order, DOR filed a motion seeking a ruling that the only taxpayers entitled to relief were those for whom the statute of limitations had not run when Ladewig filed suit. The tax court, however, ruled that Ladewig's claim had placed DOR on notice and that the statute of limitations was tolled as to all putative members of the class when the refund claim was filed.

¶6 Soon after the certification order, the tax court granted summary judgment to Ladewig and the class on the merits of her constitutional challenge. DOR has not appealed that substantive ruling as to Ladewig. However, DOR seeks to avoid giving notice to potential class members and asks this court to accept jurisdiction because legal issues of statewide importance are involved. *See Hanania v. City of Tucson*, 123 Ariz. 37, 38, 597 P.2d 190, 191 (1979) (order authorizing class action is not a final judgment); *Eaton v. Unified Sch. Dist. No. 1 of Pima County*, 122 Ariz. 391, 394, 595 P.2d 183, 186 (1979) (appellate court may take special action jurisdiction over class certification order), *approved and adopted* 122 Ariz. 377, 378, 595 P.2d 169, 170 (1979).

· ¶7 DOR also asserts that, if the class notification order is later found invalid, it will have suffered the irreparable loss of the cost of giving notice, approximately $175,000. Finally, DOR points out that special action jurisdiction is proper when "statutes or procedural rules require immediate interpretation." *Escalanti v. Superior Court*, 165 Ariz. 385, 386, 799 P.2d 5, 6 (1990).

¶8 We agree that this case presents a purely legal issue of statewide importance concerning an application of Rule 23 that is likely to recur. For that reason, and because of DOR's cost of giving notice, we accept jurisdiction. We conclude that Rule 23 permits class actions in tax court proceedings, but we further conclude that the class must be limited to those taxpayers who have filed individual administrative claims with DOR. We therefore grant DOR relief.

## STANDARD OF REVIEW

 ¶9 Interpretation of statutes is a matter of law that we review *de novo*. *See Brink Elec. Constr. Co. v. Arizona Dep't of*

---

1. Effective January 1, 1999, Title 42 was reorganized and renumbered. The citations herein are to statutes as they were prior to the renumbering.

*Revenue,* 184 Ariz. 354, 358, 909 P.2d 421, 425 (1995). Generally, the certification of a class is a matter for the trial court's discretion. *See Continental Townhouses East Unit One Ass'n v. Brockbank,* 152 Ariz. 537, 540, 733 P.2d 1120, 1123 (1986).

## DISCUSSION

### Availability of Class Actions in Tax Court Proceedings

■ ¶ 10 DOR argues that class actions cannot be maintained in tax court because no statute or rule expressly allows class actions in tax cases. Ladewig responds that *Arena* has established that class actions may be maintained against government entities. We agree with Ladewig.

¶ 11 Although *Arena* was not a tax case, the question presented was whether class actions under the notice of claims statute could be asserted against public entities. 163 Ariz. at 424, 788 P.2d at 1175. Like the tax refund statutes, the notice of claim statute was silent as to the possibility of class actions. *Id.* at 425, 788 P.2d at 1176. Yet our supreme court refused to exempt government entities "from either the burdens or benefits of class actions in appropriate cases" where the class members shared a common interest and the class claim would avoid a multiplicity of lawsuits. *Id.* The court concluded that class actions were allowed, reasoning that they were intended as "a convenient method of litigating claims involving large numbers of people ...[,] [to] provide benefits to both ... [sides] and [to] serve as a practical tool for resolving multiple claims on a consistent basis at the least cost and with the least disruption to an overloaded judicial system." *Id.*

¶ 12 Moreover, our legislature has adopted A.R.S. section 12–166 (1992), which directs that "[e]xcept as provided in this article, proceedings in the tax court shall be governed by the rules of civil procedure in the superior court." Reasonably enough, the tax court judge concluded that Rule 23, allowing

class actions, thus governed proceedings before it. Accordingly, it certified the class here.

¶ 13 Although DOR argues [2] that the legislature did not intend to include Rule 23 proceedings in tax court under the aegis of A.R.S. section 12–166, it has failed to provide any legislative history in support of its argument. Because we must give the language of the statute its plain meaning, *see Tobel v. Arizona Dep't of Public Safety,* 189 Ariz. 168, 174, 939 P.2d 801, 807 (1997), and because the language of the statute plainly requires that *all* of the rules of civil procedure apply in tax court proceedings, we conclude that class actions may be maintained in tax court.

### Exhaustion of Administrative Remedies and Tolling

■ ¶ 14 We next consider whether each member of the class must have exhausted his or her administrative remedies or, as Ladewig argues, her administrative claim tolled the statute of limitations for each class member. We recognize that these arguments do not squarely meet because the exhaustion requirement differs from the question of tolling. Nevertheless, we conclude that only taxpayers who have exhausted their administrative remedies may be members of the class.

■ ¶ 15 To begin, the Arizona Constitution gives exclusive control over taxation to the legislature. *See, e.g.,* Ariz. Const. art. 9, § 12 (exercising that control through its tax statutes and DOR). Tax refund claims must comply with the mandatory procedures set forth in the tax codes for administrative remedy, and the legislature has specifically provided that "*[e]ach* claim for refund shall be filed with the department [of revenue] in writing." A.R.S. § 42–129(E) (emphasis added). Exhaustion of administrative remedies is therefore a prerequisite to bringing a tax court action for a refund. *See* A.R.S. § 42–124. Furthermore, the legislature has re-

---

2. DOR also argues that tax court class actions are incompatible with the rules governing the Board of Tax Appeals. That argument is unpersuasive because, at the taxpayer's option, tax cases need not even be heard by the Board of Tax

Appeals. *See* A.R.S. § 42–124(C) (Supp.1997). Moreover, it is the Board of Tax Appeals' responsibility to adopt rules compatible with applicable legislation.

quired individualized refund claims [3] rather than "administrative class actions."

¶ 16 Our courts have consistently held that the failure to "scrupulously follow" statutory procedures divests the tax court of jurisdiction over such tax claims. *Estate of Bohn v. Waddell,* 174 Ariz. 239, 246, 848 P.2d 324, 331 (1992) (if parties have statutory recourse to administrative agency with authority to grant appropriate remedies, they must scrupulously follow statutory procedures); *Hamilton v. State,* 186 Ariz. 590, 594, 925 P.2d 731, 735 (1996) (taxpayer's claims must be dismissed when taxpayer fails to exhaust administrative remedies). The necessity of exhausting administrative remedies is particularly compelling when, as with DOR, the administrative agency has original jurisdiction over the subject matter and specifically has been granted that power by the legislature. *See Hamilton,* 186 Ariz. at 593, 925 P.2d at 734.

¶ 17 Ladewig, nonetheless, argues that Rule 23 does not require each class member to exhaust his or her administrative remedies; it simply requires that the class members share questions of law or fact and claims typical of the class. She relies mainly upon *Arena,*[4] in which only one person presented a claim to Pima County and then was permitted to file a class action on behalf of others who had paid building permit fees. 163 Ariz. at 424, 788 P.2d at 1175.

¶ 18 Ladewig's reliance on *Arena,* however, is misplaced. *Arena* simply established the proposition that a class action may be instituted against a government entity. It did not consider whether the mere filing of an administrative claim either obviated the legislatively-prescribed administrative review for each putative member of the class or

tolled the statute of limitations for such putative members.

¶ 19 *Arena* dealt with the public entity claim statute, which requires that a government entity be given specific and timely notice before a suit can be filed against it. *See* A.R.S. § 12–821. Such claims may range from a challenge to government procedures to garden variety contract and tort disputes in which the conduct of the government entity allegedly gave rise to the complaint.

¶ 20 However, the legislature has decided that taxpayer disputes be reviewed quite differently. It established DOR to fill the role played by the Internal Revenue Service on the federal level. The legislature also prescribed that the administrative process be conducted on a case-by-case basis, *see* A.R.S. § 42–129, in order to resolve most claims without resort to court proceedings. The legislature has thereby structured taxpayer disputes far differently than it has claims against government entities. *See Hoffman v. Colorado State Bd. of Assessment,* 683 P.2d 783, 785 (Colo.1984) ("[T]he taxing power of the state is exclusively a legislative function").

¶ 21 Moreover, while A.R.S. section 12–166 makes Rule 23 applicable to actions in tax court, nothing in its plain language excuses an individual taxpayer from complying with the provisions of A.R.S. section 42–129(D), which require that "each" taxpayer file an individual refund claim. Furthermore, given its detailed and plenary statutory scheme, had the legislature wished to provide such an exemption for class members, it would have clearly done so. Therefore, although the legislature has made tax court class actions available to taxpayers, we will not read into that fact its blanket rejection of its required administrative process.

---

**3.** A.R.S. section 42–129(D) specified "[e]ach claim for refund shall be in writing and shall state the specific grounds on which it is founded." In the current version of that statute, A.R.S. section 42–1118(E), the legislature added the further strictures that each claim must "identify the claimant by name, address and tax identification number" and each claim must "provide the amount of refund requested, the specific tax period involved and the specific grounds on which the claim is founded."

**4.** Ladewig also refers to that portion of *Waddell* in which we stated that "at least one member [of the class] would still be required to exhaust administrative remedies" as impliedly holding that each class member need not have done so. 174 Ariz. at 251, 848 P.2d at 336. But that language was, at most, *dictum* because no member of the putative class in *Waddell* had complied with the administrative prerequisites, making it unnecessary for us to address the issue that we face today.

¶ 22 As to Ladewig's tolling argument, this court has held that a claimant's own statute of limitations is tolled while the claimant exhausts his or her administrative remedies. *See Third & Catalina Assocs. v. City of Phoenix,* 182 Ariz. 203, 207, 895 P.2d 115, 119 (1994). Thus, Ladewig's own right to file suit after exhausting her administrative remedies is protected. But no Arizona case has addressed whether the filing of a class claim in an administrative action tolls the statute of limitations for other putative class members. Because we conclude that each member of the class must have exhausted his or her administrative remedies, we need not reach that issue here.

## CONCLUSION

¶ 23 We conclude that A.R.S. section 12–166 makes Rule 23 applicable in tax court proceedings. However, because we also conclude that each putative member of the class must have exhausted his or her own administrative remedies in order to be a part of the class, Ladewig's class claim is invalid as to those who did not file individual claims with DOR. We therefore accept jurisdiction and reverse the tax court's order certifying the class and directing that DOR give notice to putative class members.

CONCURRING: SUSAN A. EHRLICH, Judge, and JEFFERSON L. LANKFORD, Judge.