7 P.3d 121

**Suzanne M. ANDRESS and Robert Andress, individually and as wife and husband, Plaintiffs–Appellants,**

v.

**CITY OF CHANDLER; Donald W. Clark and Jane Doe Clark, individually and as husband and wife, Defendants–Appellees.**

No. 1 CA–CV 99–0443.

Court of Appeals of Arizona, Division 1, Department B.

June 13, 2000.

Treon, Strick, Lucia & Aguirre by Thomas M. Ryan, Phoenix, Attorneys for Plaintiffs–Appellants.

Junker Shiaras & Harrington, P.C. by Larry J. Cohen, Phoenix, Attorneys for Defendants–Appellees.

## OPINION

RYAN, Judge.

¶ 1 Suzanne and Robert Andress sued a public entity and a public employee for negligence. Because their damages were less than $50,000, the matter was subject to arbitration. *See* Ariz.Rev.Stat. Ann. ("A.R.S.") § 12–133 (Supp.1999); Local R. of Practice for the Super. Cts. (Maricopa County) 3.10(a). The Andresses did not file a notice of claim under A.R.S. § 12–821.01(A) (Supp. 1999) until after the completion of the arbitration proceedings. The question we must answer in this appeal is whether, under A.R.S. § 12–821.01(C), the arbitration statute extended the time in which to file a notice of claim. We hold that it did not, and we therefore affirm the trial court's grant of summary judgment on this issue.

## FACTUAL AND PROCEDURAL BACKGROUND

¶ 2 On September 10, 1997, Suzanne Andress was injured when her vehicle collided with a City of Chandler street sweeper being driven by Donald Clark. Suzanne and her husband, Robert, sued both the City of Chandler and Clark seeking personal injury and property damages. The Andresses did not file a notice of claim with the City or Clark before filing their lawsuit.

¶ 3 The parties agreed that the case was subject to arbitration under A.R.S. § 12–133. After the case was assigned to an arbitrator, the defendants filed a motion for summary judgment, asserting that the Andresses had failed to timely serve them with a notice of claim as required by A.R.S. § 12–821.01(A). The Andresses opposed this motion, arguing that under A.R.S. § 12–821.01(C), their notice of claim was not due until after they received a final decision from the arbitrator. The arbitrator denied the defendants' motion for summary judgment, and ultimately entered an award in favor of the Andresses.

¶ 4 The defendants appealed the arbitration award to the superior court. The parties then filed cross-motions for summary judgment on the notice of claim issue. The trial court ruled in favor of the defendants. The Andresses have appealed.

## DISCUSSION

¶ 5 We review a grant of summary judgment under a *de novo* standard of review. *See Estate of Hernandez v. Flavio,* 187 Ariz. 506, 509, 930 P.2d 1309, 1312 (1997). Because this case presents no disputes regarding the relevant facts, we address only issues of statutory interpretation, which are questions of law subject to *de novo* review. *See Transportation Ins. Co. v. Bruining,* 186 Ariz. 224, 226, 921 P.2d 24, 26 (1996).

¶ 6 In pertinent part, A.R.S. § 12–821.01(A) requires "[p]ersons who have claims against a public entity or a public employee" to file a notice of claim "with the person or persons authorized to accept service ... within one hundred eighty days after the cause of action accrues." Any claim

not filed within 180 days of the accrual date is barred. *See id.*

¶ 7 The Andresses' claim accrued on September 10, 1997. On that date, Mrs. Andress knew that she was injured, that her car was damaged, and that Clark's alleged negligent operation of the City's street sweeper was the cause of her damages. *See* A.R.S. § 12–821.01(B) (stating that "a cause of action accrues when the damaged party realizes he or she has been damaged and knows or reasonably should know the cause, source, act, event, instrumentality or condition which caused or contributed to the damage"). But the Andresses did not serve the defendants with a notice of claim until May 6, 1998, more than 180 days after their cause of action accrued. As a result, the trial court concluded that their claim was time-barred.

¶ 8 The Andresses do not dispute that their cause of action accrued on the date of the accident. However, they assert that A.R.S. § 12–821.01(C) extended their time for serving a notice of claim. That provision extends the accrual date of any claim subject to "binding or nonbinding dispute resolution process . . . pursuant to a statute, ordinance, resolution, administrative or governmental rule or regulation, or contractual term" until after the dispute resolution process has "been exhausted." A.R.S. § 12–821.01(C). The Andresses contend that because their claim was subject to the dispute resolution provisions of A.R.S. § 12–133(A), their time to serve the defendants with a notice of claim was extended by the exhaustion of remedies provision set forth in A.R.S. § 12–821.01(C). We disagree because the Andresses' contention conflicts with the purpose of the notice of claim statute and would lead to illogical results.

¶ 9 The court's ultimate goal in interpreting a statute is to give effect to the legislative intent underlying it. *See Hayes v. Continental Ins. Co.,* 178 Ariz. 264, 268, 872 P.2d 668, 672 (1994). In ascertaining that intent, we consider the statute's context, its language, its effects and consequences, and its spirit and purpose. *See id.*

¶ 10 Although at first blush the language of A.R.S. § 12–821.01(C) could be in-

terpreted as the Andresses suggest, the purpose behind the notice of claim statute does not support this interpretation. The purpose of a notice of claim "is to allow the public employee and his employer to investigate and assess their liability, to permit the possibility of settlement prior to litigation and to assist the public entity in financial planning and budgeting." *Crum v. Superior Court,* 186 Ariz. 351, 352, 922 P.2d 316, 317 (1996). The notice of claim statute serves to give public entities notice of a claim and thereby provides an opportunity to resolve the claim before a lawsuit is ever filed.

¶ 11 In light of the purpose of the notice of claim statute, we interpret A.R.S. § 12–821.01(C) as merely extending the time to serve a notice of claim when alternative dispute or administrative review procedures must or should be exhausted before the filing of a complaint. This interpretation of subsection (C) allows parties to exhaust any statutorily or contractually mandated pre-litigation arbitration or administrative remedies before resorting to the formal legal process. Yet this interpretation still comports with the legislative intent behind subsection (A), which is to provide public entities and employees with notice of such claims and the opportunity to settle them before the matters proceed to litigation.

¶ 12 The arbitration statute upon which the Andresses rely is not even triggered until after a lawsuit is filed. *See* A.R.S. § 12–133(A)(2); Local R. of Practice for the Super. Cts. (Maricopa County) 3.10; Ariz. Unif. R. Arb. 1(e) (stating that a plaintiff must file a certificate of compulsory arbitration at the time of filing the complaint, and must seasonably amend their certificate if the case's arbitrability changes during the proceedings). Section 12–133 provides for the submission of lawsuits to arbitration when the amount in controversy does not exceed the jurisdictional limits of $50,000. *See* A.R.S. § 12–133(A)(1); Local R. of Practice for the Super. Cts. (Maricopa County) 3.10(a). This statute has no application to the pre-litigation claims that are the subject of the notice of claim statute.

¶ 13 Unlike the notice of claim provisions, section 12–133 does not address the pre-

litigation resolution of claims. Rather, in an effort to dispose of controversies by means that are often speedier and less expensive than normal litigation it attempts to divert to non-binding arbitration certain lawsuits that have already been filed. *See Pima County by City of Tucson v. Maya Const. Co.*, 158 Ariz. 151, 154, 761 P.2d 1055, 1058 (1988).

¶ 14 Additionally, the Andresses' interpretation of A.R.S. § 12–821.01(C) would produce illogical results. Under their interpretation, plaintiffs claiming damages within the $50,000 jurisdictional limits of arbitration could file their lawsuits long before they ever serve public entities or their employee defendants with a notice of claim. Such an interpretation would clearly defeat the pre-litigation notification and settlement purposes of the notice of claim statute. *See Crum*, 186 Ariz. at 352, 922 P.2d at 317. We decline to interpret the statute in a manner that will defeat the legislative intent. *See Arizona Health Care Cost Containment System v. Bentley*, 187 Ariz. 229, 233, 928 P.2d 653, 657 (1996) (finding that "[s]tatutes must be given a sensible construction that accomplishes the legislative intent and which avoids absurd results").

## CONCLUSION

¶ 15 The Andresses' time to serve their notice of claim was not extended by A.R.S. § 12–821.01(C). Accordingly, they failed to serve their notice of claim on defendants within the time required by A.R.S. § 12–821.01(A), and the trial court properly granted summary judgment in favor of the defendants. We affirm the judgment of the lower court.

CONCURRING: NOEL FIDEL, Judge, and WILLIAM F. GARBARINO, Judge.