29. P.3d 862

ARIZONA DEPARTMENT OF REVE-
NUE and its Director, in his offi-
cial capacity, Petitioner,

v.

The Honorable Bernard J. DOUGHERTY,
Judge of the Superior Court of the State
of Arizona, in and for the County of
Maricopa, Respondent Judge,

Estate of Helen H. Ladewig, on behalf of
itself and the class of all persons in the
State of Arizona who, during any one of
the years 1986 to 1989 paid income taxes
to the State of Arizona on dividends paid
by corporations whose principal busi-
ness was not attributable to Arizona,
Real Parties in Interest.

No. CV–00–0242–PR.

Supreme Court of Arizona.

Aug. 29, 2001.

Janet A. Napolitano, Arizona Attorney General, by Patrick Irvine, Christine Cassetta, Phoenix, Attorneys for Petitioners.

Bonn & Wilkins Chartered, by Paul V. Bonn, Randall D. Wilkins, D. Michael Hall, Brian A. Luscher, John H. Cassidy and David L. Abney, Phoenix, and O'Neil, Cannon & Hollman, S.C., by Eugene O. Duffy, Milwaukee, Attorneys for Real Parties in Interest.

## OPINION

FELDMAN, Justice.

¶ 1 In this tax case we consider whether, as a prerequisite to participating in a class action asserting a claim for refund, each taxpayer must file an individual administrative refund claim with the Arizona Department of Revenue ("ADOR"). In addition, we must resolve the related issue of whether filing a class claim in an administrative procedure will toll the statute of limitations for all putative class members.

## FACTS

¶ 2 Since 1979,[1] the Arizona tax code has allowed a deduction from income for dividends received from Arizona corporations—those doing more than half of their business in Arizona. *See* former A.R.S. § 43–1052 (1992) (current version at A.R.S. § 43–1128 (1998)).[2] In 1991, taxpayer Helen H. Ladewig ("Ladewig") filed an administrative refund claim with ADOR, claiming that its denial of analogous deductions for dividends received from corporations not doing more than half of their business in Arizona was unconstitutional.[3] As filed, the claim was to be "representative" of all taxpayers denied the extra deduction for dividends received during the years 1986 through 1989. While the administrative claim was pending, Ladewig also filed a class action based on the same claim in tax court; that action was dismissed without prejudice for failure to exhaust administrative remedies. Ladewig continued her representative pursuit of those remedies until they were exhausted and her claim denied. Ladewig then re-filed the complaint in the tax court, where she sought class action certification under Rule 23, Ariz.R.Civ.P. Over ADOR's opposition, the tax court certified a class comprised of all present and former Arizona residents who paid Arizona income taxes during the tax years 1986 through 1989 on dividends received from corporations whose business was principally outside the state of Arizona.

¶ 3 Relying on our decision in *Andrew S. Arena, Inc. v. Superior Court*, 163 Ariz. 423, 788 P.2d 1174 (1990), the tax court judge found that Ladewig's administrative refund claim satisfied the exhaustion requirements for the members of the putative class. The tax judge then granted summary judgment for the class, holding that A.R.S. § 43–1052 was unconstitutional as a violation of the federal Commerce Clause. *See* U.S. Const. art. I, § 8, cl. 3. Disagreeing with ADOR's objections, the judge held that ADOR was put on sufficient notice of the class claim when Ladewig filed her representative class refund claim. Thus, with regard to the putative class members, the date of that filing

---

1. *See* Laws 1978, ch. 213, § 2, effective Jan. 1, 1979.

2. The parties appear to have been operating under the notion that § 43–1052 has been repealed. In fact, it was merely amended and renumbered as § 43–1128. *See* Laws 1990, 3rd Spec.Sess., ch. 3, §§ 30(A) and 45. The tax court did, however, rule that the deduction authorized by that section unconstitutionally violated the federal Commerce Clause.

3. Ladewig's estate continued to pursue her claims after her death and will be referred to as Ladewig in the rest of this opinion.

began the tolling period for the statute of limitations. The tax judge therefore ordered ADOR to give class action notice to the members of the class.

¶ 4 ADOR responded to the tax judge's rulings by bringing a special action in the court of appeals. While it did not challenge the ruling that A.R.S. § 43–1052 was unconstitutional, ADOR did challenge the ruling that required it to give notice of the class action to all members of the certified class, arguing that it would suffer irreparable harm in the amount of approximately $175,000 if that order was later vacated. Recognizing that the remedy by appeal was inadequate, the court of appeals properly exercised its discretion to accept jurisdiction. *Arizona Dep't of Revenue v. Dougherty*, 198 Ariz. 1, 2 ¶¶ 6–8, 6 P.3d 306, 307 ¶¶ 6–8 (App.2001); *see also* Rule 3, Ariz.R.P.Spec.Act.

¶ 5 The court of appeals held that Rule 23 permits class actions in the tax court; however, the court went on to hold that the class must be limited to taxpayers who had filed individual administrative claims with ADOR. *Dougherty*, 198 Ariz. at 5 ¶ 23, 6 P.3d at 310 ¶ 23. Because the putative class members had not done so, it was unnecessary for the court to reach the question of whether filing a class claim in an administrative action will toll the statute of limitations for the putative class members. *Id.* at 5 ¶ 22, 6 P.3d at 310 ¶ 22. It did hold, however, that filing the administrative claim tolled the statute of limitations with respect to Ladewig. *Id.*

¶ 6 Ladewig petitioned for review, claiming that the court of appeals' opinion effectively rendered the class action unavailable as a means of pursuing a refund claim in tax court. ADOR countered that Ladewig is attempting to use the class form as a means of circumventing the statutory requirement that each taxpayer must file an individual claim and then exhaust administrative remedies before resorting to the courts for relief. *See* A.R.S. § 42–1118(E) (1999). We granted review because the apparent conflict in the decision—allowing class actions in tax court while at the same time requiring prior individual exhaustion of administrative reme-

dies—presents an issue of statewide importance that is likely to arise again. *See* Rule 23(c)(4), Ariz.R.Civ.App.P. We have jurisdiction pursuant to Ariz. Const. art. VI, § 5(3) and A.R.S. § 12–120.24. The main issue before us is quite narrow: Once the tax court judge decides that the requirements for a class action have been met, may the class include taxpayers who have not filed individual administrative claims?

## DISCUSSION

¶ 7 Matters of statutory construction and interpretation are questions of law, which we review *de novo*. *See Transp. Ins. Co. v. Bruining*, 186 Ariz. 224, 226, 921 P.2d 24, 26 (1996). In general, the factual considerations inherent in the decision to grant or deny class certification are left to the .trial judge's discretion and will not be set aside absent an abuse of that discretion. *See London v. Green Acres Trust*, 159 Ariz. 136, 140, 765 P.2d 538, 542 (App.1988).

### A. The class action in tax cases.

¶ 8 The court of appeals was correct in relying on the *Arena* decision for the principle that class actions may be pursued against government entities in Arizona. *See Arena*, 163 Ariz. at 426, 788 P.2d at 1177. In *Arena*, a case in which class representatives sought refund of excessive building permit fees paid to Pima County, we stated that "[w]e will not read the absence of express [statutory] authorization as a preclusion against class claims," ultimately holding that A.R.S. § 12–821, the statute governing claims against government entities, "does not bar class actions against public entities. Therefore, a claim against a public entity may be presented as a class claim." *Id.* at 426, 788 P.2d at 1177. Despite the fact that *Arena* concerned refunds under the general governmental claim statute rather than under the statute governing tax claims, its rationale is applicable, by analogy in the tax scenario; neither the tax statutes nor the claim statute in effect at the time of *Arena* addressed the subject of class actions.[4]

---

4. *Arena* involved A.R.S. § 12–821(A), the general claim statute, which read as follows:

Persons who have claims against a public entity ... shall file such claims ... within twelve

Moreover, ADOR is as much a public entity as is Pima County, which was the principal defendant in *Arena*. In either scenario, "class actions provide benefits to both claiming and defending parties and serve as a practical tool for resolving multiple claims on a consistent basis at the least cost and with the least disruption to an overloaded judicial system." *Id.* at 425, 788 P.2d at 1176. The lack of any express preclusion in the tax code, coupled with the fact that ADOR is a public entity, lends firm support to the argument that Ladewig's lawsuit was properly certified as a class action under *Arena*. So also does the fact that both the claim statute and the tax refund statute require that the claimant exhaust administrative remedies.

■ ¶ 9 ADOR is quick to point out that no Arizona law or regulation *expressly authorizes* class actions in tax court; however, it fails to recognize the counterpoint made in *Arena—because nothing in Rule 23 expressly precludes use of the class action device in tax cases, it is presumptively available in such cases.* Furthermore, as noted by the court of appeals, the Arizona legislature has implicitly endorsed the application of Rule 23 in tax court proceedings. *See* A.R.S. § 12–166 ("[P]roceedings in the tax court shall be governed by the rules of civil procedure in the superior court."). We presume the legislature was aware of the class action rule when it enacted A.R.S. § 12–166. *See State v. Garza Rodriguez*, 164 Ariz. 107, 111, 791 P.2d 633, 637 (1990); *Daou v. Harris*, 139 Ariz. 353, 357, 678 P.2d 934, 938 (1984). In the absence of ambiguous statutory language

or manifest legislative intent to the contrary, courts should look to the plain meaning of the words as enacted. *See Mail Boxes Etc., U.S.A. v. Indust. Comm'n*, 181 Ariz. 119, 121, 888 P.2d 777, 779 (1995) ("unambiguous language is normally conclusive, absent a clearly expressed contrary legislative intent."). ADOR has not pointed to any textual ambiguity in A.R.S. § 12–166, nor has it cited any contrary legislative history. Moreover, it has failed to offer any convincing argument that Rule 23 should not be applied in our tax courts.[5] As a matter of policy, we see no reason to set up unnecessary obstacles for those seeking to require the state to refund taxes collected in violation of the constitution. Further, insofar as recognition of class actions is a procedural rather than substantive matter, the formulation and application of Rule 23 is left to us by our constitution. *See* Ariz. Const. art. VI, § 5(5); *see also State v. Jackson*, 184 Ariz. 296, 298, 908 P.2d 1081, 1083 (App.1995) (supreme court has exclusive power to promulgate procedural rules). Thus, we agree with the court of appeals on this issue and hold that Arizona law permits class action lawsuits in tax court.[6]

**B. Representative administrative claims.**

■ ¶ 10 In its main attack on the tax judge's certification of Ladewig's class, ADOR correctly notes that the Arizona Rules of Civil Procedure do not create substantive rights. *See* Ariz. Const., art. VI, § 5(5); Rule 82, Ariz.R.Civ.P.; *see also* A.R.S. § 12–109(A) (1992). ADOR claims that by certifying the class in Ladewig's lawsuit, the tax

months after the cause of action accrues. Any claim which is not filed within twelve months ... is barred and no action may be maintained [absent] a showing of excusable neglect.... The present case involves A.R.S. § 42–1118(E), the claim statute for tax refunds, which reads as follows:

Each claim for refund shall be filed with the department in writing and shall identify the claimant by name, address and tax identification number. Each claim shall provide the amount of the refund requested, the specific tax period involved and the specific grounds on which the claim is founded.

5. ADOR has noted that Rule 23, Fed.R.Civ.P., is rarely used in federal tax court "because of the *detailed conditions precedent necessary* to maintain a tax refund suit, including filing a timely

claim and exhausting administrative remedies." But, the instant case involves Arizona Rule 23, which, though similar to the federal rule, has evolved in the context of Arizona jurisprudence. Despite the generally instructive nature of federal cases pertaining to Federal Rule 23, they are not controlling authority here. *See Kenyon v. Hammer*, 142 Ariz. 69, 71, 688 P.2d 961, 963 (1984) (*citing Michigan v. Long*, 463 U.S. 1032, 103 S.Ct. 3469, 77 L.Ed.2d 1201 (1983) (state court decisions based on adequate and independent state grounds not within jurisdiction of United States Supreme Court)).

6. In his concurrence, our colleague invites the legislature to eliminate class actions in tax refund cases. We do not join in either the invitation or the concurring opinion.

court expanded its own jurisdiction to include parties who have failed to exhaust their administrative remedies or whose claims are barred by the statute of limitations—parties who would otherwise be precluded from appearing before it. ADOR is certainly correct on the last point; the court cannot in effect repeal the statute of limitations on tax claims. On the first point, although the doctrine of exhaustion is settled law in Arizona, the propriety of exhaustion via class administrative claims is an unsettled question deserving careful analysis. *See McNutt v. Department of Revenue*, 196 Ariz. 255, 265 ¶ 35, 995 P.2d 691, 701 ¶ 35 (App.1998) ("A party's failure to resort to and exhaust administrative remedies deprives the [tax] court of jurisdiction to hear the party's claim.") (citations omitted). *McNutt*, however, explicitly noted that an administrative claim on behalf of the class had *not* been filed. *Id.* at 263 ¶¶ 43–44, 995 P.2d at 703 ¶¶ 43–44.

¶ 11 Pursuant to its taxing authority under Arizona Constitution article IX, § 12, the Arizona legislature has enacted specific requirements that taxpayers must satisfy in pursuit of their refund claims. Our tax code currently requires that "each *claim* for refund shall be filed ... and shall identify the claimant ... [and] shall provide the amount of the refund ... and the specific grounds" for the claim. A.R.S. § 42–1118(E) (1999) (emphasis added).[7] ADOR argues that the language quoted above can only be interpreted to mean that each individual taxpayer seeking refund must first file an individual administrative claim with ADOR. We disagree.

¶ 12 To begin, we note that nothing in the plain language of A.R.S. § 42–1118(E) requires each *taxpayer* to file a claim for refund. It clearly states that each *claim* must be filed in writing with ADOR and that the *claim* must provide specific information about the *claimant*. We see no reason why the statutory requirements cannot be satisfied through a single representative claim that provides the requisite information about the representative claimant. With respect to

the class membership at large, specific information regarding the amount of individual claims will usually be unavailable to the class representative at the time of filing the administrative claim. However, the grounds of each claim are made perfectly clear in the representative claim and by the mere fact of a given individual taxpayer's membership in the class.

¶ 13 Nothing in our previous cases suggests that a class administrative claim cannot be made against the government. In fact, the court of appeals has suggested that such claims are permissible. "[I]t appears to be generally agreed that a class action cannot be maintained unless at least one member of the putative class has exhausted applicable administrative remedies." *Zeigler v. Kirschner*, 162 Ariz. 77, 85, 781 P.2d 54, 62 (App.1989). In *Estate of Bohn v. Waddell*, the court of appeals cited our opinion in *Arena* for the proposition that, in some instances, a class administrative claim is appropriate. 174 Ariz. 239, 251, 848 P.2d 324, 336 (App.1992). While *Bohn* itself may be distinguishable on the grounds that the representative taxpayer in that case had not exhausted all administrative remedies, its characterization of *Arena* is generally apt.

¶ 14 Furthermore, while not fully analyzed, class exhaustion of administrative claims is alluded to in *Arena*. We stated that "a claim against a public entity may be presented as a class claim. If the claim is denied [by the relevant administrative agency], the court may thereafter entertain a class action on the claim provided that the case is appropriate as a class action under the applicable principles of law." *Arena*, 163 Ariz. at 426, 788 P.2d at 1177. This language is susceptible to dual interpretations. Under one, we could interpret the quoted language as assuming that class exhaustion is permissible; if it were not, the need for individual exhaustion would surely have been addressed given the fact that *Arena* was based on a representative administrative claim. *See Arena*, 163 Ariz. at 424, 788 P.2d at 1175. Under the other interpretation, individual exhaustion is a con-

7. Originally enacted as § 42–129 by Laws 1985, ch. 366, § 13, eff. July 1, 1986. See n. 4 for full text.

dition precedent under one of the applicable principles of law mentioned in the quoted language. We adopt the former interpretation because *Arena* was directly based on a representative notice of claim, and its disposition speaks to administrative remedies generally, citing only Rule 23 as the applicable principle of law in determining the propriety of filing a class notice of claim. *Id.* at 424, 426, 788 P.2d at 1175, 1177. Moreover, as noted above, in the present case a class administrative claim was exhausted by the representative claimant—similar to the manner in which the *Arena* claimants, on behalf of the class, exhausted their remedy under the notice of claim statute.

¶ 15 ADOR raises several challenges to our interpretation of *Arena.* First, it claims that *Arena* is distinguishable because the general notice of claim statute with which *Arena* was concerned does not contain a provision for administrative review, as do the statutes dealing with tax refund claims. *Compare* A.R.S. § 12–821, with *A.R.S.* § 42–1254(C).[8] Second, it suggests that the general claim statute is subject to certain exceptions while the tax refund statute is not. *See* A.R.S. § 42–1118(E). Finally, it attacks the continuing validity of the California cases on which the *Arena* court relied.

¶ 16 While the lack of a formal administrative review process in the general notice of claim statute is a distinction of sorts, we believe the two statutes share enough functional similarities that the reasoning applied in *Arena* may extend not only to class actions in tax court but also to the administrative claim process set forth in A.R.S. § 42–1118(E). For example, though it is not a formal administrative review process, the notice of claim statute requires mandatory administrative procedures, stating that "[p]ersons who have claims against a public entity ... shall file claims with the person ... authorized to accept service for the public entity.... Any claim which is not filed within one hundred eighty days after the cause of action accrues is barred and no action may be maintained thereon." A.R.S. § 12–821.01(A) (1999 Supp.). Compare the quoted language with the requirement that "[e]ach claim for [tax] refund shall be filed with the department in writing...." A.R.S. § 42–1118(E) (1999).

¶ 17 Moreover, the well-settled doctrine of exhaustion renders the act of filing a claim with ADOR a necessary prerequisite to bringing a lawsuit. *See Univar Corp. v. City of Phoenix,* 122 Ariz. 220, 223, 594 P.2d 86, 89 (1979) ("This doctrine [of exhaustion] is firmly entrenched in Arizona...."). In like fashion, the quoted portion of the general claim statute requires exhaustion before action by making clear that no action may be maintained against a public entity without first filing a notice of claim. Moreover, Arizona authority affirms the compulsory nature of the claim process. *See, e.g., Grimm v. Ariz. Bd. of Pardons & Paroles,* 115 Ariz. 260, 263, 564 P.2d 1227, 1230 (1977) (action against state could not proceed because plaintiff had not first filed claim against agency); *see also Andress v. City of Chandler,* 198 Ariz. 112, 115 ¶ 15, 7 P.3d 121, 124 ¶ 15 (App.2000) (affirming summary judgment against plaintiffs who failed to serve notice of tort claim within time limit set by A.R.S. § 12–821.01(A)).

¶ 18 ADOR next argues that the tax refund statute is distinguishable from the general notice of claim statute because, in some instances, claims may be brought against the government without strict compliance with the notice statute. It quotes *Nation v. Colla* on the doctrine of excusable neglect: "the test is whether the [claimants] have put forth sufficient evidence such that a reasonable jury could find the failure to comply with the claims notice statute was the result of excusable neglect." 173 Ariz. 245, 256, 841 P.2d 1370, 1381 (App.1991). This is a rather hollow distinction in light of the futility doctrine applied in tax cases. *See, e.g., Owens v. City of Phoenix,* 180 Ariz. 402, 409, 884 P.2d 1100, 1107 (App.1994) (claimant need not pursue administrative remedies that would prove useless or futile); *Zeigler,* 162 Ariz. at 85–86, 781 P.2d at 62–63. Despite what we have characterized as the mandatory nature of these statutes, each is subject to exception in limited circumstances. *See, e.g., Univar,* 122

8. Formerly A.R.S. § 42–124.

Ariz. at 224, 594 P.2d at 90 ("This Court has held that the exhaustion of remedies rule should not be summarily applied under certain circumstances.").

¶ 19 In addition to the functional similarities between the two statutes, the *Arena* court cited with approval two California tax and claim statute decisions, both of which interpreted statutes very similar to those in Arizona. In the first of the California cases cited in *Arena*, the California Supreme Court construed a claim statute (Cal.Gov.Code § 910) very similar to the one at issue in *Arena*. *City of San Jose v. Superior Court*, 12 Cal.3d 447, 115 Cal.Rptr. 797, 525 P.2d 701 (1974).[9] Ultimately, the California court held that " 'claimant,' as used in section 910, must be equated with the class itself and therefore [we] reject the suggested necessity for filing an individual claim for each member of the purported class. To require such detailed information in advance of the complaint would severely restrict the maintenance of appropriate class actions...." *Id.*, 115 Cal.Rptr. 797, 525 P.2d at 707. That language was relied on by Judge Grant in dissenting to *Evans v. Ariz. Dep't of Corr.*, 139 Ariz. 321, 678 P.2d 506 (App.1983). We have since expressly agreed with that dissent. *See Arena*, 163 Ariz. at 425, 788 P.2d at 1176.

¶ 20 The second California case cited in *Arena* was *Santa Barbara Optical Co. v. State Bd. of Equalization*, 47 Cal.App.3d 244, 120 Cal.Rptr. 609 (1975) (allowing representative tax refund claim under statute requiring timely filing of claim as prerequisite to court action). In *Santa Barbara Optical*, the California Court of Appeal applied the *San Jose* reasoning to reject the argument that each individual claimant must be named and identified in a tax refund claim brought under the California statute as it existed at the time of that decision. *See id.* at 611. The California tax authority attempted to distinguish California's tax statute from its claims statute in a manner similar to that employed by ADOR in the present case. The court replied that the tax authority "attempts to

distinguish City of San Jose on the ground that it concerns a claim for nuisance and inverse condemnation, while this is a claim for refund of sales taxes; but it is a distinction without difference." *Id.* at 612. We find ADOR's alleged distinctions to be similarly unpersuasive.

¶ 21 ADOR then argues that neither *San Jose* nor *Santa Barbara Optical* is good authority, one having been expressly disapproved by the California Supreme Court and the other superseded by statute. *See Woosley v. State of California*, 3 Cal.4th 758, 13 Cal.Rptr.2d 30, 838 P.2d 758 (1992); Cal.Gov. Code § 905.1. Our view of *San Jose* and *Santa Barbara Optical* is not altered by the changes that have taken place. The cases were cited, first in *Arena* and now in this opinion, for their reasoning under analogous facts. In light of the 1987 amendments allowing class tax refund claims only where each member of the class signed the representative claim, *Woosley* concluded that the California statute did not authorize class claims before those amendments. *See Woosley*, 13 Cal.Rptr.2d 30, 838 P.2d at 777. Thus, assumed the *Woosley* court, *San Jose* "should not be extended to include claims for tax refunds." *Id.* at 776, 13 Cal.Rptr.2d 30, 838 P.2d 758.

¶ 22 No doubt, the *San Jose* case is of questionable utility in present-day California tax refund disputes. We note, however, that it was decided in 1974, at a time when the California claim statute was similar to A.R.S. § 12–821.01(A) and before the amendment on which *Woosley* relies. The rationale in *San Jose* is still perfectly valid when applied to the California refund statute in its earlier incarnation, which is the only relevant version for our purposes. In like fashion, the analogy drawn in *Santa Barbara Optical* is valid. The case was superseded by statute *after* its use by the *Arena* court, and as a consequence, the analogy we now draw is in no way weakened by subsequent changes to the statute *San Jose* interpreted. Thus, applying our reasoning in *Arena*, absence of

---

9. The California claim statute read, in pertinent part, as follows: "A claim shall be presented by the claimant or by a person acting on his behalf and shall show: (a) The name and ... address of the claimant; (b) The post office address to which the person presenting the claim desires notices to be sent...." Cal.Gov.Code § 910.

express authorization would have no preclusive impact in Arizona. Moreover, the *Arena* court's view that a lack of express authorization will not be read as a preclusion was founded on Arizona precedent, not the California cases it cites as additional support. *See Arena*, 163 Ariz. at 426, 788 P.2d at 1177 (citing *Arnold v. Dep't of Health Servs.*, 160 Ariz. 593, 606–07, 775 P.2d 521, 534–35 (1989) (special action/class action proper in trial court where not expressly precluded)). Thus, *Woosley* is of little value in deciding the case at hand.

¶ 23 Finally, ADOR implies that Ladewig had not in fact fully exhausted the administrative remedies available to her or the class. She may have been required, ADOR says, to file an appeal with the Arizona Board of Tax Appeals after ADOR denied her claim for refund. *See* A.R.S. § 42–124 (1998);[10] *see also Hamilton v. State*, 186 Ariz. 590, 593–94, 925 P.2d 731, 734–35 (App.1996). We do not understand this point; ADOR's own brief to the court of appeals indicates that Ladewig did in fact pursue an appeal, which was rejected by the Board. That appeal was made on behalf of all similarly situated taxpayers. The Board determined that the class claim was invalid because "nothing in either [A.R.S. § 42–124(A) ] or the Board's rules authorizes the certification of a class." *Estate of Helen H. Ladewig v. Ariz. Dep't of Revenue*, No. 1260–94–I, CCH Arizona Tax Reports, ¶¶ 400–463 (Jan. 27, 1997) (citing Ariz. Admin. Code R16–3–118). The Board went on to deny Ladewig's own claim on the merits.

■ ¶ 24 ADOR has failed to make any showing that it will be prejudiced if Ladewig's lawsuit is allowed to proceed in class form, and requiring individual exhaustion in this case would essentially negate the possibility of bringing a class action in the tax court.[11] Following *Arena*, we hold that the class device is a suitable vehicle for exhaustion of administrative remedies when not expressly prohibited by statute. Nothing in A.R.S. § 42–1118(E) expressly precludes use of the class device as a means of exhausting administrative remedies with ADOR. No question having been raised about whether the requirements of Rule 23 were satisfied, we conclude the tax court did not err when it certified the class in Ladewig's lawsuit.

## C. Tolling the statute of limitations.

■ ¶ 25 Because we vacate that portion of the court of appeals' opinion requiring each member of the putative class to individually exhaust his or her administrative remedies, we must now determine whether the filing of a class administrative claim can toll the statute of limitations for other putative class members. The relevant section of the Arizona tax code is A.R.S. § 42–1106(C) (1999), which states that "failure to begin an action for refund or credit within the time specified in this section is a bar against recovery of taxes...." However, the statute of limitations is tolled while the claimant exhausts his or her administrative remedies. *See Third & Catalina Assocs. v. City of Phoenix*, 182 Ariz. 203, 207, 895 P.2d 115, 119 (App.1994). Logic dictates that, if a claimant is allowed to exhaust administrative remedies on behalf of a class of those similarly situated, tolling of the statute of limitations should receive similar treatment. This conclusion, of course, does not apply to those claims already barred at the administrative level by the statute of limitations at the time Ladew-

---

10. Current version at A.R.S. § 42–1254(C) (2000 Supp.). A.R.S. § 42–124(A) read as follows:

> A person aggrieved by a final decision or order of the department under this article may appeal to the state board by filing a notice of appeal in writing....
> A.R.S. § 42–124(B)(2) read, in pertinent part:
> In the case of income tax the taxpayer may bring an action against the department in superior court.... The action shall not begin more than thirty days after the order or decision of the board becomes final. Failure to bring the action within thirty days constitutes a

> waiver of the protest and a waiver of all claims ... arising from illegality in the tax....

11. Tax court lawsuits may only be filed within thirty days after all of a plaintiff's administrative remedies have been exhausted. *See* A.R.S. § 42–1254(D)(2) (2000 Supp.). Even assuming the unlikely event that all members of a putative class might be able to begin individual administrative claims at the same time, it is probable that many will miss the window of opportunity for joining a class. Under such conditions, one wonders whether a class could ever be assembled outside the realm of theory.

ig's representative claim was filed. *See* A.R.S. § 42–1106 (1999).[12] We hold that only those taxpayers whose claims were not barred by the statute of limitations, and who therefore could have filed separate, individual administrative refund claims at the time Ladewig filed her representative claim, and whose administrative remedies were therefore preserved by Ladewig's filing, are not barred by the statute of limitations and may join as members of the class in tax court.

## CONCLUSION

¶ 26 For the reasons stated above, the court of appeals' opinion is approved in part and vacated in part. As the court of appeals held, the tax court may entertain class actions for tax refunds. Contrary to the view stated in the court of appeals' opinion, however, the trial judge was correct in ruling that Ladewig could use the class device as a vehicle for bringing and exhausting those administrative claims not already barred by the statute of limitations at the time Ladewig's representative claim was filed. The tax judge's order certifying Ladewig's class and directing ADOR to give notice to the class membership is approved. The tax court is therefore directed to proceed in a manner consistent with this opinion.

CONCURRING: THOMAS A. ZLAKET, Chief Justice, CHARLES E. JONES, Vice Chief Justice, and RUTH V. McGREGOR, Justice.

MARTONE, Justice, concurring.

I join the holdings of the court in this case. I write only to make it clear that the decision to allow class actions in tax refund suits is properly a legislative one. Thus, if the decision not to exclude Rule 23, Ariz. R. Civ. P., from the scope of A.R.S. § 12–166 was inadvertent, the legislature is certainly free to amend the statute.

---

12. Formerly A.R.S. § 42–115.