567 P.2d 1230

**NAVAJO COUNTY, a political subdivision of the State of Arizona, Raymond H. Randall, Individually and as County Treasurer of Navajo County, William M. Smith, M. J. "Mike" O'Haco, Max E. Taylor, Individually and as members of the Board of Supervisors of Navajo County, Arizona, Appellants,**

v.

**PEABODY COAL COMPANY, a corporation, Appellee.**

**No. 1 CA–CIV 3173.**

Court of Appeals of Arizona, Division 1, Department B.

Aug. 18, 1977.

**102**

Bruce E. Babbitt, Atty. Gen. by James D. Winter, Mary Z. Chandler, Asst. Attys. Gen., Phoenix, for appellants.

Fennemore, Craig, vonAmmon & Udall by Philip E. vonAmmon, Donald R. Gilbert, Phoenix, for appellee.

OPINION

SCHROEDER, Presiding Judge.

This case involves the attempt of Navajo County to tax mining operations of appellee Peabody Coal Company, located on leased Indian reservation land, for the year 1972. This is the second time the case has come before us. In *Navajo County v. Peabody Coal Company*, 23 Ariz.App. 101, 530 P.2d 1134 (1975), as modified by supplemental opinion on rehearing, 23 Ariz.App. 259, 532 P.2d 201 (1975), we affirmed the prior judgment of the Superior Court granting a refund to appellee for·taxes paid for the first half of 1972. The specific judgment now being appealed was entered upon appellee's motion after the issuance of that mandate, and granted a refund to the appellee of taxes paid for the second half of 1972.

In this appeal, the County seeks to justify the imposition of the tax for the second half of the year on grounds which it never urged prior to this Court's first opinion. The County asks us, in effect, to treat the question of validity of taxes for the second half of the year as a lawsuit separate and apart from the earlier phase of the same litigation which focused on the validity of the tax for the first half of the year and which resulted in a final judgment affirmed on appeal.

The record in this case shows, however, that the parties agreed to merge the validity of the tax for the entire year into one lawsuit, the totality of which was to be governed by the disposition of the prior appeal. We hold, therefore, that under principles of *res judicata* appellant is barred from litigating further issues with respect to the second half of the tax year, and that the judgment of the trial court in favor of the appellee must be affirmed.

Our holding rests upon the particular record before us. On April 13, 1973, the trial court entered a judgment in favor of Peabody Coal Company on the first half of 1972 taxes. The State noticed its appeal from that judgment ten days later. At that time, Peabody had not yet paid the taxes for the second half and we assume arguendo that it was not yet entitled to claim a refund for that installment. However, on April 30, 1973, the installment was paid. The parties then stipulated that the original complaint would be amended to seek a refund for the second half as well as the first half, and it was further stipulated that the County's answer previously filed would serve as an answer to the amended complaint. The first appeal then proceeded, terminating in this Court with the denial of rehearing on March 4, 1975, 23 Ariz.App. 259, 532 P.2d 201 (1975).

By virtue of their stipulations, the parties agreed that the issues to be decided with respect to the second half's taxes would be· the same as the issues decided by the judgment then being appealed. The record shows that the issues now being raised by appellant could have been decided previously. Under the doctrine of *res judicata*, further litigation on the merits is now precluded:

"Briefly stated, the doctrine of res judicata is that an existing final judgment rendered upon the merits, without fraud or collusion, by a court of competent jurisdiction, is conclusive as to every point decided therein and also as to every point raised by the record which could have been decided with respect to the parties and their privies, in all other actions in the same or any other judicial tribunal of

concurrent jurisdiction." *Hoff v. City of Mesa*, 86 Ariz. 259, 261, 344 P.2d 1013, 1014 (1959).

*See also Industrial Park Corporation v. U.S. I.F. Palo Verde Corporation*, 26 Ariz.App. 204, 547 P.2d 56 (1976), and 46 Am.Jur.2d Judgments § 404.

In view of our resolution of this appeal on the basis of the parties' stipulations, we do not decide any questions relating to the validity of the tax for other years; nor do we decide whether, in other circumstances, a decision relating to one tax installment may be *res judicata* for later installments of the same year's tax.

Affirmed.

WREN and EUBANK, JJ., concur.