131 P.3d 1063

Ronald L. STEARNS and Audrey L. Stearns, husband and wife, Plaintiffs–Appellants,

v.

ARIZONA DEPARTMENT OF REVENUE, an agency of the State of Arizona, Defendant–Appellee.

No. 1 CA–TX 04–0006.

Court of Appeals of Arizona, Division 1, Department T.

March 30, 2006.

Gallagher & Kennedy, P.A. By Timothy D. Brown, Trevor H. Chait, Brian LaCorte, Phoenix, Attorneys for Plaintiffs–Appellants.

Terry Goddard, Attorney General By Elizabeth S. Hill, Assistant Attorney General, Phoenix, Attorneys for Defendant–Appellee.

## OPINION

HALL, Judge.

¶ 1 Ronald L. Stearns and Audrey L. Stearns (Taxpayers) appeal from the tax court's grant of summary judgment to the Arizona Department of Revenue (ADOR) on the calculation of their income tax credit pursuant to Arizona Revised Statutes (A.R.S.) section 43–1071 (2006). The issue in this case is whether the phrase "the taxpayer's entire income upon which tax is imposed" in § 43–1071(A)(3) refers to Arizona taxable income or Arizona adjusted gross income plus certain exemptions. We agree with Taxpayers' contention that the phrase means taxable income. Therefore, we reverse and direct that the tax court grant Taxpayers' cross-motion for summary judgment.[1]

### FACTS AND PROCEDURAL BACKGROUND

¶ 2 Taxpayers are Arizona residents. Mr. Stearns is a partner in a national accounting firm that earns income in other states and allocates a portion of this income to him.

---

1. Based on our resolution in favor of Taxpayers, we need not address their alternative arguments that ADOR's application of § 43–1071 violates the Commerce Clause and the Equal Protection Clause.

¶ 3 In 1998, Taxpayers reported Arizona adjusted gross income in the amount of $330,193 and claimed a dependent exemption in the amount of $2,300 on their Arizona tax return. Taxpayers reported their Arizona tax liability as $11,397, and also claimed a credit of $8,516 for taxes paid to other states.

¶ 4 ADOR audited Taxpayers' 1998 return, determined that they were entitled to a lesser credit of $7,207, and issued a proposed assessment of $1,309 in additional income tax, along with interest and a penalty. Taxpayers timely protested the assessment of these amounts, but a Department Hearing Officer affirmed ADOR's assessment of all amounts except for the late penalty. The Arizona State Board of Tax Appeals affirmed on appeal.

¶ 5 Taxpayers then filed an action in the Arizona Tax Court pursuant to A.R.S. § 42–1254(A) (Supp.2005). The parties filed a joint stipulation of facts and cross-motions for summary judgment. The tax court accepted ADOR's interpretation of the tax credit formula and granted summary judgment in its favor. Taxpayers timely appealed. We have jurisdiction pursuant to A.R.S. § 12–170(C) (2003).

## DISCUSSION

¶ 6 The material facts are stipulated and undisputed; therefore, we must determine whether the tax court correctly applied the substantive law to those facts. *S. Pac. Transp. Co. v. State Dep't of Revenue*, 202

Ariz. 326, 329–30, ¶ 7, 44 P.3d 1006, 1009–10 (App.2002). This case revolves around the correct interpretation of § 43–1071(A), a question of law that we review de novo. *Ariz. Dep't of Revenue v. Dougherty*, 200 Ariz. 515, 517, ¶ 7, 29 P.3d 862, 864 (2001). Absent ambiguous language or a contrary legislative purpose, we examine the plain language to discern the legislature's intent. *Id.* at 518, ¶ 9, 29 P.3d at 865. Our interpretation must give effect to each word, phrase, and clause of the statute. *Ariz. Dep't of Revenue v. Superior Court (ASARCO Inc.)*, 189 Ariz. 49, 52, 938 P.2d 98, 101 (App.1997). Furthermore, "[s]tatutory provisions are to be read in the context of related provisions and of the overall statutory scheme. The goal is to achieve consistency among the related statutes." *Goulder v. Ariz. Dep't of Transp.*, 177 Ariz. 414, 416, 868 P.2d 997, 999 (App.1993) (citations omitted).

¶ 7 To alleviate the problem of duplicate taxation that arises when an Arizona resident has income derived from sources within another state, Arizona law provides State residents with a conditional credit for "net income taxes" paid to another state. § 43–1071(A). The credit is calculated by multiplying the Arizona tax due by a fraction whose numerator equals "the income subject to tax in the other state and also taxable" in Arizona and whose denominator is the "taxpayer's entire income upon which the tax is imposed under this chapter." § 43–1071(A)(3). Expressed as a formula, the credit for taxes paid to other states is:

$$\text{Credit} = \frac{\text{Income Subject to Tax in Both Arizona \& Other States}}{\text{Entire Income Upon Which Arizona Tax Is Imposed}} \times \text{Arizona Tax Liability Before Credit}$$

¶ 8 At issue in this case is the income that should be included in the denominator—the "Entire Income Upon Which Arizona Tax Is Imposed." In calculating their tax credit, Taxpayers used their taxable income of $267,482 as the denominator. They derived this number by subtracting their personal exemptions and deductions from their Arizona adjusted gross income of $330,193. *See* § 43–1001(11) (2006) (defining "taxable income of a resident individual" as "Arizona adjusted gross income less the exemptions

and deductions allowed in [A.R.S. §§ 43–1041 to –1043]"). ADOR, however, used a denominator comprised of the adjusted gross income plus one exemption for each dependent, relying on former Arizona Administrative Code (A.A.C.) R15–2–1071, now R15–2C–501, the instructions for Arizona Form 309, and the Arizona Individual Income Tax Procedure (ITP) 97–1.

¶ 9 A decrease in the denominator results in an increased credit and vice-versa. The

parties' calculation of the tax credit for the New Mexico taxes illustrates the effect of the different interpretations. The taxpayers reported $857 in taxable income on a composite nonresident income tax return filed with New Mexico. A composite return is one filed by a partnership on behalf of its partners; participating members from Arizona usually do not file a separate income tax return with that other state. *See* Arizona Individual Income Tax Ruling 93–3. Because the only amount provided to ADOR was $857, the income subject to both New Mexico and Arizona tax was $857.

¶ 10 ADOR calculated Taxpayers' allowable tax credit for tax paid to New Mexico to be $29.38, which they arrived at as follows:

$$\text{Credit} = \frac{\$857 \text{ (Income Subject to Tax in New Mexico \& Arizona)}}{\$332{,}493 \text{ (Arizona AGI Plus One Dependent Exemption)}} \times \$11{,}397 \text{ (Arizona Tax Liability Before Credit)}$$

ADOR employed this formula to determine the applicable credit for each state. In contrast, Taxpayers calculated their New Mexico credit as $36.52 by using the following formula:

$$\text{Credit} = \frac{\$857 \text{ (Income Subject to Tax in New Mexico \& Arizona)}}{\$267{,}482 \text{ (AGI Less Personal Exemptions and Deductions—Taxable Income)}} \times \$11{,}397 \text{ (Arizona Tax Liability Before Credit)}$$

¶ 11 Although the phrase "taxpayer's entire income upon which tax is imposed by this chapter" is not defined by statute, we believe that the only fair and sensible construction of this phrase is that it is synonymous with a resident's "*entire* taxable income," *see* A.R.S. § 43–1011 (2006) (emphasis added), which, as we explain below, is the amount upon which an Arizona resident's individual tax liability is computed pursuant to Title 43, Chapter 10.

¶ 12 The calculation of an Arizona resident's tax liability begins with his or her individual "Arizona gross income," which is equivalent to his or her "federal adjusted gross income for the taxable year, computed pursuant to the internal revenue code." § 43–1001(2). This figure is modified by applicable additions or subtractions provided in A.R.S. §§ 43–1021 and –1022 (2006) to yield a taxpayer's "Arizona adjusted gross income." § 43–1001(1). An individual's "taxable income" is then obtained by reducing the Arizona adjusted gross income by any applicable deductions or exemptions in §§ 43–1041 to –1043. § 43–1001(11). A taxpayer's ultimate tax liability is reached by applying either A.R.S. § 43–1011 (2006) (percentage scales) or A.R.S. § 43–1012 (2006) (optional tax table) and reducing the result by any credits to which the taxpayer may be entitled under A.R.S. §§ 43–1071 to –1090 (2006). Thus, Arizona's tax scheme dictates that a resident's tax liability is based only on the amount of income left after all appropriate additions and subtractions, and allowable exemptions and deductions, have been taken; this is the "taxable income."

¶ 13 Our conclusion that "the taxpayer's entire income upon which the tax is imposed by this chapter" is synonymous with the individual's "entire taxable income" upon which the tax amount is assessed pursuant to § 43–1011 is supported by the "Declaration of intent" adopted by the legislature when it enacted the Arizona Income Tax Act of 1978, which provides that one of the Act's objectives is "[t]o impose on each resident of this state a tax measured by *taxable income* wherever derived." A.R.S. § 43–102(A)(4) (2006) (emphasis added). *See State v. Thomason,* 162 Ariz. 363, 366, 783 P.2d 809, 812 (App.1989) (relying on "strong policy statement enacted by the legislature" in construing A.R.S. § 13–411).

¶ 14 Our determination that a resident taxpayer's "taxable income" forms the denominator of the tax credit fraction is also supported by the structure of § 43–1071(A),

which is designed to provide residents "a credit against the taxes imposed by this chapter for *net income* taxes imposed by and paid another state or country on income taxable under this chapter...." (Emphasis added.) Thus, the numerator of the fraction, which consists of "income subject to tax" in both the other state and Arizona, is equivalent to that portion of the out-of-state income that is taxable in both states, resulting in an "apple-to-apple" comparison, thereby preventing either a disproportionately high or low credit. *See* § 43–1001(7) (" 'Net income' means taxable income."); *see also* Black's Law Dictionary 938 (5th ed.1979) (defining "net income" as "[i]ncome subject to taxation after allowable deductions and exemptions have been subtracted from gross or total income.").

¶ 15 The flaw in ADOR's contrary interpretation is revealed by comparing § 43–1071(A) with its companion statute, A.R.S. § 43–1096 (2006), which defines credits available to nonresidents. Section 43–1096(A)(3) sets forth the method by which nonresidents may calculate the credit towards their Arizona taxes for taxes paid on the same income in their resident state. Nonresidents must use a fraction that consists of "the entire income upon which the taxes paid to the state or country of residence are imposed" as the numerator and "income taxable under this title," a clear reference to "taxable income," as the denominator. Thus, so that comparable numbers are used in calculating the credit due a nonresident pursuant to § 43–1096, the amount in the numerator must necessarily reflect the nonresident's taxable income in their home state. We do not perceive any justification why § 43–1071(A)(3)'s denominator should not be inter-

preted in the same fashion as its mirror-image numerator in § 43–1096(A)(3).

¶ 16 In contrast, ADOR does not explain how the plain language of § 43–1071(A)(3) dictates that Arizona residents are required to use their Arizona adjusted gross income, a figure that has not been reduced by any personal exemptions or deductions, plus an exemption amount determined by § 43–1023. Instead, ADOR claims that its method, which it says was adopted after careful study, "fairly and accurately interprets the statute" and "simply works better." As previously explained, we disagree.[2]

■ ¶ 17 In reaching a contrary conclusion, we are cognizant of the Arizona Supreme Court's admonition that in circumstances "in which the legislature has not spoken definitively to the issue at hand, 'considerable weight should be accorded to an executive department's construction of a statutory scheme it is entrusted to administer.' " *Ariz. Water Co. v. Ariz. Dep't of Water Resources*, 208 Ariz. 147, 154, ¶ 30, 91 P.3d 990, 997 (2004) (quoting *Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 844, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984)). However, for the reasons set forth above, we conclude that the Arizona Legislature has addressed the precise question at issue in a clear and unequivocal manner; therefore, we need not defer to ADOR's interpretation. *See Chevron*, 467 U.S. at 843, n. 9, 104 S.Ct. 2778 ("If a court, employing traditional tools of statutory construction, ascertains that Congress had an intention on the precise question at issue, that intention is the law and must be given effect.").

¶ 18 Taxpayers request an award of their attorneys' fees incurred on appeal and in tax court but do not state any substantive basis

---

2. "[E]very state with a broad-based personal income tax provides a credit for taxes that their residents pay to other states...." Jerome R. Hellerstein & Walter Hellerstein, *State Taxation* Part IV, ch. 20, at 1 (3rd ed.2005). Although the precise statutory formulas for calculating the credit vary from state to state, several require fractional comparison of figures based on their definitions of taxable income. *See, e.g.*, Mich. Comp. Laws § 206.255(3) (2003) (dividing "income that is subject to taxation both in this state and in another jurisdiction by taxable income"); Va. St. Ann. § 58.1–332(A) (1999) ("[I]ncome

upon which the tax was imposed by the other state was computed bears to his Virginia taxable income upon which the tax imposed by [Virginia] was computed"). *See also* 26 U.S.C. § 904(a) (2004) (limiting foreign tax credit to "the same proportion of the tax against which such credit it taken which the taxpayer's taxable income from sources without the United States ... bears to his entire taxable income"). As these examples illustrate, other jurisdictions have concluded, notwithstanding ADOR's argument, that a comparison of numbers based on taxable income figures works quite well.

for their request. Therefore, we deny it. *See Country Mut. Ins. Co. v. Fonk*, 198 Ariz. 167, 172, ¶ 25, 7 P.3d 973, 978 (App.2000).

## CONCLUSION

¶ 19 In determining a credit for income taxes paid to other states, § 43–1071(A)(3) requires a resident taxpayer to use taxable income as the denominator in the fraction used to calculate the maximum amount of the credit. The tax court erred in concluding otherwise. Therefore, we reverse the judgment and remand with a direction that judgment be entered in favor of Taxpayers.

CONCURRING: DONN KESSLER and ANN A. SCOTT TIMMER, Judges.

