291 P.3d 369

**Ronald L. and Audrey L. STEARNS, individually and on behalf of all other taxpayers similarly-situated, Plaintiffs/Appellants,**

v.

**ARIZONA DEPARTMENT OF REVENUE, an agency of the State of Arizona, Defendant/Appellee.**

No. 1 CA–TX 11–0003.

Court of Appeals of Arizona, Division 1, Department T.

Nov. 29, 2012.

See also 212 Ariz. 333, ¶ 11, 131 P.3d 1063.

Gallagher & Kennedy, P.A. by Mark A. Fuller, Timothy D. Brown, James G. Busby, Jr., Phoenix, Attorneys for Plaintiffs/Appellants.

Thomas C. Horne, Attorney General by Kimberly Cygan, Assistant Attorney General, Phoenix, Attorneys for Defendant/Appellee.

## OPINION

THOMPSON, Judge.

¶ 1 This is an income tax case. We must decide whether the term "income subject to tax" in the credit formula, Arizona Revised Statutes (A.R.S.) section 43–1071(A)(3) (2006), refers to adjusted income reduced by applicable exemptions and deductions. We hold that it does and therefore affirm the Arizona Tax Court's grant of summary judgment to the Arizona Department of Revenue (the Department).

## BACKGROUND

¶ 2 Ronald L. Stearns and Audrey L. Stearns (Taxpayers) reside in Arizona. During the relevant period, Mr. Stearns worked for two different national accounting firms that earned income in multiple states. These firms each allocated a portion of that income to Mr. Stearns. On their 1998 Arizona income tax return, Taxpayers claimed an $8516 credit for taxes paid in other states.

¶ 3 The Department audited Taxpayers' return, reduced the credit, and assessed additional tax, interest, and a penalty based upon its interpretation of the formula in A.R.S. § 43–1071(A)(3). In accordance with Arizona Administrative Code (A.A.C.) R15–2C–501 (formerly A.A.C. R15–2C–1071), the Department had construed the denominator's reference to "the taxpayer's entire income

upon which the tax is imposed by this chapter" to mean Arizona adjusted gross income plus one exemption for each dependent.[1] Ultimately, this court held in *Stearns v. Arizona Department of Revenue (Stearns I )* that the denominator's reference to "entire income upon which Arizona tax is imposed" meant "entire taxable income" under A.R.S. § 43–1011. 212 Ariz. 333, 335, ¶ 11, 131 P.3d 1063, 1065 (App.2006).

¶ 4 On August 10, 2007, Taxpayers filed an action, on behalf of themselves and similarly situated taxpayers, in an effort to obtain class-wide refunds for all taxes illegally assessed or collected pursuant to the Department's interpretation of A.R.S. § 43–1071(A)(3) for the tax years 1999 through 2006. The Department, meanwhile, began implementing its revised interpretation of the formula and a Revised 309 Credit Form based upon *Stearns I*. *See* Dep't of Revenue, State of Arizona, Individual Income Tax Procedure (ITP) 07–1; Dep't of Revenue, State of Arizona, Revised 309 Credit Form.

¶ 5 The tax court dismissed the Taxpayers' action based upon their failure to exhaust administrative remedies. Taxpayers filed another administrative protest and sent the Department a March 4, 2009, letter setting forth their claimed refund amounts. At the conclusion of the administrative proceedings, a hearing officer denied Taxpayers' protest and thereby triggered Taxpayers' appeal to the tax court.

¶ 6 After the parties briefed and argued their cross-motions for summary judgment and the Department's motion to dismiss, the tax court applied *Stearns I*, adopted the Department's interpretation of the numerator in A.R.S. § 43–1071(A)(3), and held that Taxpayers were not entitled to any refunds. It also held that Taxpayers' claims for the 2000 to 2003 tax years were time-barred as a

matter of law.[2] The tax court accordingly entered summary judgment in favor of the Department and dismissed the time-barred claims on January 31, 2011. This appeal followed.

## DISCUSSION

**A. As a Matter of Law, the Tax Court Used the Correct Numerator for the A.R.S § 43–1071(A)(3) Tax Credit Formula**

¶ 7 This court reviews de novo the tax court's grant of summary judgment. *Wilderness World, Inc. v. Dep't of Revenue*, 182 Ariz. 196, 198, 895 P.2d 108, 110 (1995). We also apply the de novo standard in reviewing the interpretation of statutes. *Walls v. Ariz. Dep't of Pub. Safety*, 170 Ariz. 591, 594, 826 P.2d 1217, 1220 (App.1991).

¶ 8 Arizona imposes a tax "upon the entire taxable income of every resident of this state." A.R.S. § 43–1011 (Supp.2011).[3] By statute, Arizona taxpayers are entitled to a credit for income taxes paid in another state. A.R.S. § 43–1071(A). Prior to 2008,[4] A.R.S. § 43–1071 provided in relevant part:

A. Subject to the following conditions, residents shall be allowed a credit against the taxes imposed by this chapter for net income taxes imposed by and paid to another state or country on income taxable under this chapter:

1. The credit shall be allowed only for taxes paid to the other state or country on income that is derived from sources within that state or country and that is taxable under its laws irrespective of the residence or domicile of the recipient.

---

1. *Stearns v. Ariz. Dep't of Revenue*, 212 Ariz. 333, 334, ¶ 8, 131 P.3d 1063, 1064 (App.2006).

2. The tax court treated the Department's motion to dismiss as a motion for summary judgment because both sides had introduced evidence outside the pleadings.

3. We apply the current version of a statute when it is identical to the version in effect at the relevant time.

4. For taxable years from and after December 31, 2007, A.R.S. § 43–1071(A)(3) provides: "The credit shall not exceed the proportion of the tax payable under this chapter as the income subject to tax in the other state or country and also taxable under this title bears to the taxpayer's entire income on which the tax is imposed by this chapter." 2008 Ariz. Sess. Laws, ch. 220, § 1.

2. The credit shall not be allowed if the other state or country allows residents of this state a credit against the taxes imposed by that state or country for taxes paid or payable under this chapter.

3. The credit shall not exceed such proportion of the tax payable under this chapter as *the income subject to tax in the other state or country and also taxable under this title* bears to the taxpayer's entire income upon which the tax is imposed by this chapter.

(Emphasis added.)

¶ 9 Taxpayers contend that the A.R.S. § 43–1071(A)(3) numerator—"income subject to tax in the other state or country and also taxable under this title"—"at most, calls for the use of the taxable income from the other state." They maintain that the tax court erred in construing this language to require a numerator consisting of adjusted gross income reduced by applicable exemptions and deductions.

¶ 10 Our primary goal is to give effect to legislative intent. *Ariz. State Tax Comm'n v. First Bank Bldg. Corp.*, 5 Ariz. App. 594, 601, 429 P.2d 481, 488 (1967). The "best and most reliable index of a statute's meaning" is the language itself. *Bentley v. Bldg. Our Future*, 217 Ariz. 265, 270, ¶ 12, 172 P.3d 860, 865 (App.2007) (citation omitted). Under A.R.S. § 43–1071(A)(3), the numerator must include income "subject to tax" in the other state and "also taxable" under Title 43. A.R.S. § 43–1071(A). Section 43–1001 (Supp. 2011) explains what income is taxable under Title 43.

¶ 11 "Taxable income" is a resident's "Arizona adjusted gross income less the exemptions and deductions allowed in article 4 of this chapter" unless the context otherwise requires. A.R.S. § 43–1001(11). In turn, Arizona adjusted gross income signifies "the individual's federal adjusted gross income for the taxable year, computed pursuant to the internal revenue code" and "subject to modifications specified in §§ 43–1021 and 43–1022." A.R.S. § 43–1001(1)–(2). To calculate the numerator, the tax court found, one must use "the taxpayer's out-of-state taxable

income pursuant to the other state's law or to Arizona law, whichever is less."

¶ 12 Taxpayers contend that the tax court's ruling, as well as the Department's new form, erroneously applies deductions and exemptions to the income from the other state for purposes of calculating the allowable income tax credit. According to Taxpayers, *Stearns I* did not adjust the numerator to account for exemptions and deductions, and the parties agree that prior to *Stearns I* the Department had determined the numerator to be adjusted gross income with no subtractions for deductions and exemptions.

¶ 13 In *Stearns I*, we stated:

[T]he numerator of the fraction, which consists of "income subject to tax" in both the other state and Arizona, is equivalent to that portion of the out-of-state income that is taxable in both states, resulting in an "apple-to-apple" comparison, thereby preventing either a disproportionately high or low credit. *See* § 43–1001(7) (" 'Net income' means taxable income."); *see also* Black's Law Dictionary 938 (5th ed. 1979) (defining "net income" as "[i]ncome subject to taxation after allowable deductions and exemptions have been subtracted from gross or total income.").

*Stearns v. Ariz. Dep't of Revenue*, 212 Ariz. 333, 336, ¶ 14, 131 P.3d 1063, 1066 (App. 2006). We accepted $857 as the numerator, because (1) that was the amount Taxpayers had reported as "taxable income" on a composite non-resident income tax return filed in New Mexico, and (2) it was also the "only amount provided to ADOR." *Id.* at 335, ¶ 9, 131 P.3d at 1065.

¶ 14 Adopting Taxpayers' interpretation of the numerator, which would not account for exemptions and deductions, would require us to ignore the "taxable" component of A.R.S. § 43–1071(A)(3). Unless deductions and exemptions are subtracted from gross income, one cannot make this required "taxable" determination. Further, failing to allow for deductions and exemptions in the numerator would not result in the proportional calculation approved in *Stearns I*. *See Stearns I*, 212 Ariz. at 336, ¶ 14, 131 P.3d at 1066. We therefore agree with the tax

court's conclusion that consistency requires a subtraction of applicable exemptions and deductions in calculating the numerator. *See id.* Both the numerator and denominator are equal to the "taxable income" reported in the respective state.

¶ 15 Taxpayers nevertheless contend that the Arizona Legislature must not have intended to apply exemptions and deductions to both the numerator and denominator because it employed different terms for each component. Whereas the A.R.S. § 43–1071(A)(3) numerator is "the income subject to tax in the other state or country and also taxable under this title," the denominator is "the taxpayer's entire income upon which the tax is imposed by this chapter." A.R.S. § 43–1071(A)(3).

¶ 16 *Stearns I* clarifies that no real difference exists between the numerator and denominator components. The *Stearns I* court held that the denominator phrase "taxpayer's entire income upon which tax is imposed" refers to "entire taxable income." *Stearns I,* 212 Ariz. at 335, ¶ 11, 131 P.3d at 1065. Likewise, the numerator is "income *subject to tax* in the other state or country and *also taxable* under this title." A.R.S. § 43–1071(A)(3) (emphasis added). Accordingly, both the numerator and denominator are based upon "taxable" income, which *Stearns I* determined to be "the amount of income left after all appropriate additions and subtractions, and allowable exemptions and deductions, have been taken." *Id.* at 335, ¶ 12, 131 P.3d at 1065. *See also* II Jerome R. Hellerstein & Walter Hellerstein, *State Taxation: Sales and Use, Personal Income and Death and Gift Taxes and Intergovernmental Immunities* 20–165 n. 743, ¶ 20.10(1) (3d ed. Supp. 2009):

> In [*Stearns I*] the court held that the phrase "entire income" referred to taxable income rather than to the taxpayer's adjusted gross income (plus one exemption), as the Department of Revenue contended. The court properly observed that the Department's position, which resulted in smaller credit because it employed a larger denominator, created an inconsistency between the numerator and the denominator of the fraction limiting the credit. In or-

der to have "an 'apple to apple' comparison," [*Stearns I* ], 212 Ariz. 333, 336, 131 P.3d 1063, 1066 (App.2006), it was necessary to employ taxable income in the denominator because "the numerator of the fraction . . . consists of 'income subject to tax' in both the other state and Arizona."

The emphasis on determining "taxable income" comes from the legislature's declaration of its intent "[t]o impose on each resident of this state a tax measured by *taxable income* wherever derived." *Stearns I,* 212 Ariz. at 335, ¶ 13, 131 P.3d at 1065 (quoting A.R.S. § 43–102(A)(4) (2006)) (emphasis added in *Stearns I* ).

¶ 17 Taxpayers argue that the Department's position would result in double taxation. In *Stearns I,* we identified as a goal of this provision "[t]o alleviate the problem of duplicate taxation that arises when an Arizona resident has income derived from sources within another state . . . ." *Id.* at 334, ¶ 7, 131 P.3d at 1064 (citation omitted). To subject some out-of-state income to tax in both the foreign and domiciliary state is not inconsistent with the legislative goal of alleviating double taxation, since to "alleviate" means "[t]o lighten, or render more tolerable, or endurable; to relieve, mitigate." 1 Oxford English Dictionary 334 (J.A. Simpson & E.S.C. Weiner eds., 2d ed. 1989). The tax code has many goals, one of which is, as we identified in *Stearns I,* to tax all income earned by Arizona residents, wherever earned, as measured by Arizona law applicable to "taxable income." *Stearns I,* 212 Ariz. at 335, ¶ 13, 131 P.3d at 1065 (citations omitted).

¶ 18 Thus, Taxpayers' plain language argument that the statute does not refer to a subtraction in the numerator for deductions or exemptions is unavailing when such a computation is necessarily implicit in the *Stearns I* holding that the calculation relates to a proportion of taxable income "net" figures. The tax court's conclusion that the numerator is "the taxpayer's out-of-state taxable income pursuant to the other state's law or to Arizona law, whichever is less" is implicit in the statute's directive that the numerator is "the income subject to tax in the

other state or country and also taxable under this title . . . ." A.R.S. § 43–1071(A)(3).

¶ 19 In summary, we affirm the tax court's construction of the numerator in A.R.S. § 43–1071(A)(3). This interpretation ensures that the credit for taxes paid to the other state is not larger than the Arizona tax relating to taxes from the other state. Absent this limit, a taxpayer could benefit from the credit beyond the proportion of his or her out-of-state income by obtaining Arizona tax credits larger than the Arizona tax paid on that income.

**B. As a Matter of Law, the Department is Not Precluded From Applying a Revised Interpretation and Form to Taxpayers' Claims**

¶ 20 In response to *Stearns I*, the Department promulgated a Revised 309 Credit Form and ITP 07–1. The Department applied this formula to Taxpayers' credit claims starting with the 2001 tax year. According to Taxpayers, the Department is violating A.R.S. § 42–2078(B) (2006) by failing to use adjusted gross income in the numerator as it allegedly did in *Stearns I*.

¶ 21 According to A.R.S. § 42–2078(B):

If the department adopts a new interpretation or application of any provision of this title or title 43 or determines that any of those provisions applies to a new or additional category or type of taxpayer, and the change in interpretation or application is not due to a change in the law:

1. The change in interpretation or application applies prospectively unless it is favorable to taxpayers.

2. The department shall not assess any tax, penalty or interest retroactively based on the change in interpretation or application.

3. The change is an affirmative defense in any administrative or judicial action for retroactive assessment of tax, interest and penalties to taxable periods before the new interpretation or application was adopted.

¶ 22 The *Stearns I* court ruled that the Department erroneously used adjusted gross income in its A.R.S. § 43–1071(A)(3)

determination, and instructed it to use taxable income figures. *Stearns I*, 212 Ariz. at 336–37, ¶¶ 16, 19, 131 P.3d at 1066–67. The decision invalidated the Department's prior rule as inconsistent with the statute, and clarified that the denominator and the numerator had to be comparable numbers. *Id.* at 336, ¶ 15, 131 P.3d at 1066. We find nothing in A.R.S. § 42–2078(B) requiring the Department to adhere to a rule held erroneous by this court.

¶ 23 Further, we fail to detect any harm resulting from the Department's use of taxable income instead of adjustable gross income in both the numerator and the denominator. The ratio remains the same so long as "apples to apples" comparisons apply. This is not a new interpretation unfavorable to taxpayers; rather, it is an interpretation that conforms to the statutory formula.

**C. As a Matter of Law, Res Judicata Does Not Prohibit the Department From Litigating Taxpayers' Claims**

¶ 24 Taxpayers alternatively contend that res judicata precludes the Department from challenging their computation of the credit formula's numerator. "Whether *res judicata* applies in particular circumstances is a question of law that we review de novo." *Minjares v. State*, 223 Ariz. 54, 58, ¶ 12, 219 P.3d 264, 268 (App.2009).

¶ 25 The res judicata doctrine provides that "a judgment on the merits in a prior suit involving the same parties or their privies bars a second suit based on the same cause of action." *Pettit v. Pettit*, 218 Ariz. 529, 531, ¶ 4, 189 P.3d 1102, 1104 (App.2008). The doctrine bars litigation "not only upon facts actually litigated but also upon those points which might have been litigated." *Id.*

¶ 26 Section 42–1004(C) (2006) defines the scope of res judicata as follows: "In the determination of any case arising under this title or title 43, the rule of res judicata is applicable only if the liability involved is for the same year or period as was involved in another case previously determined under this title or title 43." A.R.S. § 42–1004(C). Taxpayers contend that this statute applies only to administrative proceedings. The De-

partment counters that res judicata can apply to tax cases, but each year stands on its own.

■ ¶ 27 The cases support the Department's view. The United States Supreme Court has explained that each year is the origin of a new tax liability and cause of action. *Comm'r of Internal Revenue v. Sunnen*, 333 U.S. 591, 598, 68 S.Ct. 715, 92 L.Ed. 898 (1948), *superseded by statute on other grounds as stated in Vetrano v. Comm'r of Internal Revenue*, 116 T.C. No. 21 (2001). Thus, a judgment relating to liability in a particular tax year is res judicata as to the same claim and the same tax year. *Id.* Furthermore, to the extent that the parties have raised collateral estoppel, that doctrine bars litigation only as to matters actually presented and decided in the prior year. *Id.*

¶ 28 Based upon these principles, we decline to apply *Stearns I* to bar litigation of the numerator in this case. *See id.*[5] As the Department points out, applying the bar here is particularly inappropriate because the parties never litigated the amount of the numerator. *See Navajo County v. Peabody Coal Co.*, 116 Ariz. 101, 102–03, 567 P.2d 1230, 1231–32 (App.1977) (holding that litigation concerning a tax refund for the first half of 1972 was res judicata as to the parties' stipulated facts for the second half of 1972, but emphasizing that this resolution was based on stipulations and declining to decide the validity of the tax for subsequent years). A contrary result would afford Taxpayers a tax treatment markedly different from that received by other taxpayers in the same class. *See Sunnen*, 333 U.S. at 599, 68 S.Ct. 715.

**D. As A Matter Of Law, The Statute of Limitations Bars Taxpayers' Claims For Tax Years 2000 To 2003**

¶ 29 Taxpayers also contest the tax court's dismissal of their claims for tax years 2001 through 2003.[6] We review de novo the tax court's dismissal based upon its application of

the statute of limitations. *Andrews ex rel. Woodard v. Eddie's Place, Inc.*, 199 Ariz. 240, 241, ¶ 1, 16 P.3d 801, 802 (App.2000).

¶ 30 According to A.R.S. §§ 42–1104(A) (2006) and 42–1106(A) (2006), a taxpayer must file a claim for a refund within four years of filing the return, or within four years of the return's due date, whichever period expires later. Taxpayers had filed extensions, so their limitations periods expired on the following dates: October 16, 2006 (tax year 2001), October 15, 2007 (tax year 2002), and October 14, 2008 (tax year 2003).

■ ¶ 31 Importantly, A.R.S. § 42–1106(D) provides: "The failure to begin an action for refund or credit within the time specified in this section is a bar against the recovery of taxes by the taxpayer." Taxpayers contend that they began their actions within the requisite time frames. We disagree.

¶ 32 Taxpayers first raised the refund issue in a March 30, 2006 letter to the Department. The letter failed to specify "the amount of refund requested" for each tax year, as required by A.R.S. § 42–1118(E) (2006). *See City of Phoenix v. Fields*, 219 Ariz. 568, 573, ¶ 19, 201 P.3d 529, 534 (2009) (holding that a class representative must include in his notice of claim a "specific amount" for which his individual claim can be settled); *Ariz. Dep't of Revenue v. Dougherty*, 200 Ariz. 515, 522 n. 11, ¶ 24, 29 P.3d 862, 869 n. 11 (2001) (holding that the class representative's identification of a refund amount for her individual claim sufficed to preserve the class claim under A.R.S. § 42–1118(E)).

¶ 33 Taxpayers' March 30, 2006, letter does incorporate "(ii) the amended Form 140X of the Class Representative which was filed for 1999 calendar tax year and identifies the Class Representative, his social security number, his address, the amounts of refunds claimed for each such year and all other

---

**5.** Taxpayers misplace their reliance upon *El Paso Natural Gas Co. v. State*, 123 Ariz. 219, 599 P.2d 175 (1979), *cert. denied*, 445 U.S. 938, 100 S.Ct. 1331, 63 L.Ed.2d 772 (1980). That case applied res judicata to hold, under a theory of virtual representation, that a judgment on a matter of general or public interest was binding and con-

clusive on all taxpayers and property owners similarly situated. *Id.* at 222, 599 P.2d at 178.

**6.** Taxpayers do not challenge the dismissal with respect to the 2000 tax year.

information required by A.R.S. § 42–1118(E)." But it was not until March 4, 2009 that Taxpayers advised the Department of the specific amounts of their refund claims. At that point, the limitations periods for all relevant tax years through 2003 had expired.

¶ 34 Relying on *Havasupai Tribe of Havasupai Reservation v. Arizona Board of Regents,* Taxpayers maintain that their March 30, 2006 letter satisfies the A.R.S. § 42–1118(E) requirements by incorporating by reference the documents on file with the Department. 220 Ariz. 214, 225 n. 9, ¶ 38, 204 P.3d 1063, 1074 n. 9 (App.2009). They fail to specify, however, which documents on file contain the specific refund amounts claimed. We therefore hold that Taxpayers failed to satisfy A.R.S. § 42–1118(E) within the limitations periods, and their claims are barred. *See McNutt v. Dep't of Revenue,* 196 Ariz. 255, 266, ¶ 37, 995 P.2d 691, 702 (App.1998) (holding that informal claims do not satisfy the claim validity requirements of A.R.S. § 42–1118(E)).

## CONCLUSION

¶ 35 We affirm the tax court's dismissal of Taxpayers' refund claims for tax years 2000 to 2003 and its grant of summary judgment on the remaining claims. In addition, we award the Department its costs on appeal, and deny Taxpayers' request for attorneys' fees pursuant to A.R.S. § 12–348 (Supp. 2011).

CONCURRING: PETER B. SWANN, Presiding Judge, and MICHAEL J. BROWN, Judge.