NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

MESQUITE POWER, LLC, *Plaintiff/Appellant,*

*v.*

ARIZONA DEPARTMENT OF REVENUE, et al., *Defendants/Appellees.*

No. 1 CA-TX 22-0008
FILED 5-4-2023

Appeal from the Arizona Tax Court
No. TX2021-000352
The Honorable Danielle J. Viola, Judge

**AFFIRMED**

COUNSEL

Mooney Wright Moore & Wilhoit PLLC, Mesa
By Paul J. Mooney, Bart S. Wilhoit
*Counsel for Plaintiff/Appellant*

Arizona Attorney General's Office, Phoenix
By Lisa A. Neuville, Kimberly J. Cygan
*Counsel for Defendants/Appellees*

---

**MEMORANDUM DECISION**

Presiding Judge Jennifer M. Perkins delivered the decision of the Court, in which Judge Angela K. Paton and Judge D. Steven Williams joined.

---

**P E R K I N S**, Judge:

¶1            In 2021, this Court rejected the first challenge Mesquite Power, LLC ("Mesquite") brought regarding the tax year 2020 valuation of its property. We confront here Mesquite's second action alleging illegally collected taxes from that valuation. The superior court dismissed Mesquite's second action claims as precluded based on its first action. Mesquite appeals. For the following reasons, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2            Mesquite's appeal concerns a claim to correct the tax assessment the Department of Revenue ("Department") applied to Mesquite's property for tax year 2020. A full factual history appears in this Court's earlier opinion, *Mesquite Power, LLC v. Ariz. Dep't of Rev.*, 252 Ariz. 74, 77–78, ¶¶ 2–7 (App. 2021), *review denied* (Feb. 4, 2022). There, Mesquite challenged the Department's valuation for tax year 2020 ("First Action"), and the Department argued Mesquite forfeited its right to challenge the valuation when it failed to timely file its annual report. *Id*. at ¶¶ 5–6. The tax court agreed with the Department and dismissed Mesquite's complaint with prejudice; this Court affirmed. *Id*. at 78, 83, ¶¶ 7, 38.

¶3            Mesquite filed another complaint in October 2021, claiming the Department "illegally" determined the tax year 2020 full cash value for Mesquite's property.  In this second action for its tax year 2020 assessment ("Second Action"), Mesquite argued the Department "acted illegally" by using a "non-final tax year 2019 full cash value" to estimate Mesquite's 2020 property value. Mesquite noted that after it failed to timely file its annual report, the Department used $196,870,000 ("statutory value") as the 2019 value to estimate the tax year 2020 full cash value at $206,714,000. But the 2019 valuation was the subject of a timely appeal by Mesquite in TX2018-000928 ("2019 challenge") at the time of the Department's calculation.

¶4            In the 2019 challenge, the tax court agreed with Mesquite. On appeal this Court held that Mesquite's appraisal was incorrect, and that

Mesquite failed to rebut the statutory presumption. *See Mesquite Power, LLC v. Ariz. Dep't of Rev.*, 523 P.3d 960, 963, 969, ¶¶ 14, 51 (App. 2022) ("Generally, the tax valuation 'as approved by the appropriate state or county authority is presumed to be correct and lawful.'") (citing A.R.S. § 42-16212(B)). We vacated the tax court's judgment and remanded for the court to affirm the statutory value found by the Department. *Id*. at 962, ¶ 2. Mesquite thereafter petitioned for review by our supreme court; the petition is pending as of this date.

**¶5** The Department moved to dismiss the Second Action for failure to state a claim, arguing Mesquite reasserted a claim previously raised in its First Action. In the First Action, Mesquite asserted the Department incorrectly estimated the full cash value by relying on an estimated value from tax year 2019 when that value was under appeal. *See Mesquite*, 252 Ariz. at 77, 80 ¶¶ 5, 20 ("Count 4 challenged the Department's application of the statutory valuation formula, arguing the Department should have used a reduced stipulated amount as the basis."). We rejected Mesquite's First Action appeal in part because Mesquite forfeited its right to appeal the valuation and held it could not seek the same relief by other means. *Id*. at 80–81, ¶¶ 20, 25.

**¶6** Mesquite argued to the superior court that its illegally collected tax claim in the Second Action is different than the claim in the First Action because it is based on a different statute. Mesquite admitted it had forfeited any valuation appeal for tax year 2020 but contends its Second Action claim is not a valuation appeal.

**¶7** The tax court dismissed Mesquite's Second Action, applying preclusion doctrines because it had already addressed the issues raised. Although Mesquite did not characterize the earlier claim as one for illegally collected taxes, the tax court concluded that the fourth claim for relief in its First Action is "in essence the same claim asserted here."

**¶8** Mesquite appealed, and we have jurisdiction. A.R.S. §§ 12-2101(A)(1), 42-1254(D)(4).

## DISCUSSION

**¶9** We defer to the tax court's factual findings so long as they are not clearly erroneous. *Kocher v. Dep't of Rev.*, 206 Ariz. 480, 482, ¶ 9 (App. 2003). But we review the court's ruling on a motion to dismiss *de novo*. *Coleman v. City of Mesa*, 230 Ariz. 352, 355–56, ¶ 7 (2012). Dismissal is appropriate under Arizona Rule of Civil Procedure ("Rule") 12(b)(6) only when, as a matter of law, the plaintiff is "not entitled to relief under any

interpretation of the facts susceptible of proof." *Id*. at 356, ¶ 8 (quotation omitted). To evaluate Mesquite's claim under Rule 12(b)(6) we "must assume the truth of all well-pleaded factual allegations and indulge all reasonable inferences from those facts." *Id*. at 356, ¶ 9.

## I.    Claim Preclusion

**¶10**    Claim preclusion prevents a party from re-litigating a claim previously resolved by entry of a valid, final judgment. *Circle K Corp. v. Indus. Comm'n*, 179 Ariz. 422, 425 (App. 1993). It bars litigation not only of those facts that were litigated but also those facts which might have been raised in the earlier suit. *Stearns v. Ariz. Dep't of Rev.*, 231 Ariz. 172, 177, ¶ 25 (App. 2012). The party arguing for claim preclusion must establish (1) identity of the parties in the two suits, (2) identity of claims between the two suits, and (3) a final judgment on the merits in the first case. *In Re Gen. Adjudication of All Rts. to Use Water In Gila River Sys. & Source*, 212 Ariz. 64, 69–70, ¶ 14 (2006). Whether claim preclusion applies is a question of law we review *de novo. Stearns*, 231 Ariz. at 374, ¶ 24.

**¶11**    There is no dispute that the parties in the First and Second Actions are the same. We turn then to whether Mesquite's First Action involved the same claim or cause of action in the Second Action and whether there was a final judgment on the merits in the First Action.

**¶12**    Mesquite's claims relate to two statutes. The first sets forth the annual reporting requirement for companies to provide the Department with necessary information for property valuation. A.R.S. § 42-14152(A). It then gives the Department direction on valuation in the absence of such a report and the authority to impose fines. A.R.S. § 42-14152(C). And companies missing the reporting deadline by 50 days forfeit their right to appeal the Department's valuation. A.R.S. § 42-14152(D). The second statute authorizes filing an action "to recover any tax that was illegally collected." A.R.S. § 42-11005.

**¶13**    An identity of claims exists if no additional evidence is needed to prevail in the second action than was required for the first. *Lawrence T. v. DCS*, 246 Ariz. 260, 265, ¶ 17 (App. 2019). Nothing in the record indicates that Mesquite's current claims would have required any additional or different evidence than that needed to prove the claims alleged in its First Action. Indeed, the two complaints state the same causes of action supported by essentially the same factual allegations arising from the Department's tax year 2020 valuation. Both of Mesquite's actions asked the court to "[d]etermine and fix the full cash value of the Subject Property

for tax year 2020," in accordance with A.R.S. § 42-14152, and set the full cash value at "one hundred five percent" of the final tax year 2019 valuation, upon entry of Judgment in [the statutory value challenge]." At oral argument before this court in this action, Mesquite offered only one item as additional evidence: the tax court's final decision in the statutory valuation challenge. But Mesquite filed this action a full month before the tax court issued that decision and it could not, therefore, have served as a basis to reject the Departments motion to dismiss.

¶14        Mesquite characterizes its Second Action as a timely illegality claim under A.R.S. § 42-11005, asserting this statute was never cited in prior litigation. Mesquite argues that it now seeks a refund, a relief distinct from its admittedly forfeited valuation appeal. But this claim rests on Mesquite's argument that the Department's value was "excessive and illegal" because the Department violated A.R.S. § 42-14152. And Mesquite explicitly argued in its First Action complaint that it is entitled "to *receive a refund* of any taxes levied, assessed and paid *based on the illegal tax year 2020 values*, together with interest as provided by law." (Emphasis added). This Court affirmed the Department's tax year 2020 valuation for Mesquite, *Mesquite*, 523 P.3d at 962, ¶ 1, and we also held that the Department did not violate its statutory duty, *Mesquite*, 252 Ariz. at 82, ¶ 31.

¶15        Whatever evidence Mesquite may have to show in this Second Action that the Department failed to appropriately estimate the tax year 2020 full cash value under A.R.S. § 42-14152(C)(1) would not differ from the evidence presented in its First Action. Sufficient identity of claims exists to warrant claim preclusion. *See Phoenix Newspapers, Inc. v. Dep't of Corrs.*, 188 Ariz. 237, 240 (App. 1997) (claim preclusion applies if "no additional evidence is needed to prevail in the second action than that needed in the first"); *see also Pettit v. Pettit*, 218 Ariz. 529, 532–33, ¶ 9 (App. 2008) (father's action was "an attempt to relitigate one of the same matters necessarily adjudicated in Mother's divorce action," and "any further litigation on his part is not a separate or distinct cause of action"). Indeed, counsel for Mesquite acknowledged at oral argument that the substance of its illegality claim in the Second Action "was the same as the substance of the claim we tried to bring" in the First Action.

¶16        After establishing identity of parties and identity of claims, preclusion also requires a final judgment on the merits. *Kopp v. Physician Grp. of Ariz., Inc.*, 244 Ariz. 439, 442, ¶¶ 13–14 (2018) (citing *Chaney Bldg. Co. v. City of Tucson*, 148 Ariz. 571, 573 (1986)); *Gen. Adjudication*, 212 Ariz. at 69–70, ¶ 14. Mesquite argues that its First Action had no judgment on the merits because the prior case was dismissed for lack of subject matter

jurisdiction. An involuntary dismissal operates as an adjudication on the merits, with exceptions. Ariz. R. Civ. P. 41(b). Lack of jurisdiction is one such exception. *Id*. But this Court upheld the tax court's judgment based on Mesquite's failure to state a claim. *See Mesquite*, 252 Ariz. at 80, ¶ 18, n.5. And we rejected Mesquite's argument that it was denied due process when the tax court dismissed its complaint with prejudice for failure to meet the statutory deadline. *Id.* at 82, ¶ 35.

**¶17** Mesquite failed to comply with the statutory reporting deadline. *Id*. at 77, ¶ 3. This inaction authorized the Department to estimate Mesquite's property value for 2020 based on the 2019 valuation then in place. A.R.S. § 42-14152(C)(1); *see also Mesquite*, 252 Ariz. at 77, ¶ 3. The tax court and this Court concluded the Department's calculation was lawful. *Id*. at 82, ¶ 31. There was a final judgment on the merits in the First Action. The tax court correctly determined that the claim preclusion doctrine bars Mesquite's current claims.

## II. Issue Preclusion

**¶18** As an alternative ground for preclusion, the tax court ruled that Mesquite's arguments are barred by the doctrine of issue preclusion. Issue preclusion prevents a party from "relitigating an issue identical to one he has previously litigated to a determination on the merits in another action." *Johnson v. O'Connor ex rel. County of Maricopa*, 235 Ariz. 85, 90, ¶ 20 (App. 2014) (quotation omitted). It applies if "(1) the parties actually litigated the issue in the prior proceeding; (2) the parties had a full and fair opportunity to litigate the issue; (3) the issue's resolution was essential to the decision; (4) the court entered a valid final decision on the merits; and (5) a common identity of the parties exists." *Calpine Const. Fin. Co. v. Ariz. Dep't of Rev.*, 221 Ariz. 244, 249, ¶ 25 (App. 2009). We review the application of issue preclusion *de novo*. *Picaso v. Tucson Unified Sch. Dist.*, 217 Ariz. 178, 180, ¶ 6 (2007).

**¶19** Common identity is undisputed, and there was a final resolution on the merits in the First Action. *See* ¶ 17, *supra*. We turn then to whether the parties had a full and fair opportunity to litigate the issue, whether the parties actually litigated the issue, and whether resolution of the issue was essential to the decision.

**¶20** Mesquite argues that the parties did not litigate the issue of whether the taxes collected for year 2020 were illegal, justifying a claim under A.R.S. § 42-11005. But we resolved the issue of whether the Department's tax year 2020 valuation under A.R.S. § 42-14152(C) was illegal

in our 2021 decision, *Mesquite*, 252 Ariz. at 82, ¶ 31, and this allegedly illegal valuation is the basis upon which Mesquite's illegality claim lies. Mesquite properly raised the issue in the First Action, and its resolution was essential to our decision. "When an issue is properly raised by the pleadings or otherwise, and is submitted for determination, and is determined, the issue is actually litigated." *Chaney Bldg. Co.*, 148 Ariz. at 573 (citing Restatement (Second) of Judgments § 27 (1982)). The record supports the tax court's ruling that both parties had an opportunity to litigate the issue presented and did so. The court correctly determined that issue preclusion bars Mesquite's current claims.

## III.    Attorneys' Fees

**¶21**        The Department requests an award of attorneys' fees under Rule 25 of the Arizona Rules of Civil Appellate Procedure ("ARCAP") on the grounds that Mesquite's appeal is frivolous. The rule authorizes an award of fees as a sanction if an appeal "is frivolous or taken solely for the purpose of delay." ARCAP 25. "The determination to award or decline attorneys' fees [pursuant to ARCAP 25] is within this Court's discretion," *Ariz. Dep't of Rev. v. Gen. Motors Acceptance Corp.*, 188 Ariz. 441, 446 (App. 1996), and we impose these sanctions "with great reservation," *Ariz. Tax Research Ass'n v. Dep't of Rev.*, 163 Ariz. 255, 258 (1989) (quotation omitted). When there is no allegation of improper motive, an argument is not objectively frivolous for purposes of ARCAP 25 sanctions "if the issues raised are supported by any reasonable legal theory, or if a colorable legal argument is presented about which reasonable attorneys could differ." *In Re Levine*, 174 Ariz. 146, 153 (1993).

**¶22**        We deny the Department's request for an award of fees under ARCAP 25. "The line between an appeal which has no merit and one which is frivolous is very fine, and we exercise our power to punish sparingly." *Hoffman v. Greenberg*, 159 Ariz. 377, 380 (App. 1988). We find no indication in the briefs or the record that Mesquite has pursued this appeal for an improper motive. We also cannot agree that Mesquite's arguments were unsupported by any reasonable legal theory. In our discretion, we decline to impose sanctions.

**CONCLUSION**

**¶23** Mesquite's claims on appeal are precluded. We affirm the tax court's dismissal. We deny the Department's request for an award of fees under ARCAP 25.



AMY M. WOOD • Clerk of the Court
FILED:    AA